UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE BRAMA, ) ) ) Plaintiff, ) ) v. ) ) TARGET CORPORATION, ) ) Defendant. ) | No. 14 C 6098 Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us are several pending motions, including Defendant Target Corp.'s motion for summary judgment, filed on May 11, 2016 (Dkt. No. 50), and Plaintiff Christine Brama's motion for summary judgment, filed on July 12, 2016 (Dkt. No. 56). Additionally, Defendant filed a motion to amend its answer to Plaintiff's complaint at law on July 26, 2016, (Dkt. No. 60), and, in response, Plaintiff filed a motion to strike Defendant's motion to amend, (Dkt. No. 68). Plaintiff is now pro se, as counsel filed a motion to withdraw as counsel, which we granted on May 12, 2016. (Dkt. No. 54.) For the reasons set forth below, we grant Defendant's motion to amend, deny Plaintiff's motion to strike, and grant Plaintiff additional time to refile her materials in support of her motion for summary judgment and in opposition to Defendant's motion for summary judgment.

### I. Defendant's Motion to Amend

Defendant states that it mistakenly admitted to the accusations of negligence contained in Plaintiff's complaint, and that it did not realize its error until it received her statement of disputed

material facts in response to its motion for summary judgment. (Mot. to Amend at 1; *see* Def.'s Answer (Dkt. No. 46) ¶ 5 ("Defendant, admits the allegations in this paragraph.").) In response, Plaintiff argues that we should deny Defendant leave to amend its answer because she "would sustain prejudice or surprise by virtue of the proposed amendment." (Pl.'s Mot. to Strike Def.'s Mot. to Amend ¶ 10.) Plaintiff further argues that we should deny Defendant leave to amend its answer because Defendant should be held accountable for signing its pleading and "validating its merit of truth." (*Id.* ¶ 5 (citing Fed. R. Civ. P. 11(b)).)

The Federal Rules of Civil Procedure state that, after 21 days, a party may amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "leave to amend is 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)).

Less than three months passed between Defendant filing its answer and its motion to amend that answer. (Dkt. Nos. 46, 60.) Defendant also promptly sought leave to amend its answer after discovering its apparent mistake. *See Gregg Commc'ns. Sys., Inc. v. Am. Tel. & Tel. Co.*, 98 F.R.D. 715, 721 (N.D. Ill. 1983) (finding no undue prejudice when an amendment was sought "only six months after" the original pleading and the parties seeking amendment were not "dilatory in amending their pleadings once the need to do so became apparent"). Even if Defendant had delayed significantly in seeking leave to amend its answer, "delay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to

the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992) (citing *Textor v. Bd. of Regents*, 711 F.2d 1387, 1391 (7th Cir. 1983)).

While Plaintiff asserts that she "would sustain prejudice or surprise by virtue of the proposed amendment," it is unclear exactly how she would be prejudiced. (Pl.'s Mot. to Strike Def.'s Mot. to Amend ¶ 10.) The proposed amendment would not require additional discovery or require Plaintiff to defend against any new claims. *See, e.g., Johnson v. Cypress Hill*, 641 F.3d 867, 872–73 (7th Cir. 2011) (finding that the defendant would be substantially prejudiced by an amendment that introduced new claims and would require re-opening discovery that "had long been closed"). Indeed, both parties have proceeded with this litigation seemingly under the impression that Defendant disputed Plaintiff's allegations of negligence. (Def.'s Reply at 2–8.) Because we conclude that Defendant's proposed amendment to its answer will not result in undue delay or undue prejudice to Plaintiff, we grant Defendant's motion to amend and deny Plaintiff's motion to strike Defendant's motion to amend.

## II. Plaintiff's Motion for Summary Judgment

We next consider Plaintiff's motion for summary judgment and related filings. Plaintiff's motion states that summary judgment should be entered in her favor because "there does exist a general dispute to Defendant's material facts, thereby entitling Plaintiff to judgment as a matter of law." (Pl's Mot. at 1.) In support, she filed a "statement of disputed material facts," which "DISPUT[ES] Defendant Target's Statement of Undisputed Facts." (Dkt. No. 57.) Plaintiff did not file a memorandum of law in support of her motion for summary judgment, nor did she file a statement of undisputed material facts. L.R. 56.1(a)(2), (3).

It is unclear whether Plaintiff's motion and statement of disputed material facts were intended as a response to Defendant's motion for summary judgment. To the extent they were,

3

Plaintiff's statement of disputed material facts fails to comply with our local rules in several ways. For example, Plaintiff's statement does not contain "a response to each numbered paragraph in the moving party's statement." L.R. 56.1(b)(3)(B). Plaintiff's statement also argues extensively that a deposition conducted on March 16, 2016 should be stricken "for improper influencing, brainwashing tactics, instilling fear, . . . using trickery and putting Plaintiff under extreme duress." (Pl.'s Statement of Disputed Material Facts (Dkt. No. 57) ¶ I.1–13.) Such arguments do not respond to Defendant's assertions in its statement of undisputed facts, and so are outside of the scope of Local Rule 56.1(b). *See* L.R. 56.1(b)(3) (requiring the non-moving party provide "a concise response to the movant's statement" of undisputed material facts). Additionally, to the extent Plaintiff does respond to Defendant's statement of undisputed material facts, she does so primarily by making legal arguments, rather than directly contesting Defendant's factual assertions. (*See, e.g.,* Pl's Statement of Disputed Material Facts ¶ IV.1–6 (arguing that she was not contributorily negligent), ¶ V.1–6 (arguing that Defendant had actual notice of an unsafe condition).) These arguments also fall outside the scope of a Rule 56.1(b)(3) statement of facts.

In order to avoid any confusion, we grant Plaintiff additional time to refile her statement of disputed facts in response to Defendant's statement of undisputed material facts. Plaintiff may also file a statement of undisputed material facts in support of her motion for summary judgment, a memorandum of law in support of her motion for summary judgment, and a memorandum of law in opposition to Defendant's motion for summary judgment. Plaintiff's filings must strictly comply with Local Rule 56.1.

## CONCLUSION

For the reasons set forth above, we grant Defendant's motion to amend its answer and deny Plaintiff's motion to strike Defendant's motion to amend. On or before October 19, 2016, Plaintiff may refile her statement of disputed facts, and may also file a statement of undisputed material facts in support of her motion for summary judgment, a memorandum of law in support of her motion for summary judgment, and a memorandum of law in opposition to Defendant's motion for summary judgment. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: October 6, 2016
        Chicago, Illinois