UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE BRAMA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TARGET CORPORATION, )<br>)<br>Defendant. )<br>) | No. 14 C 06098<br>Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Christine Brama brings this state-law negligence action against Defendant Target Corporation ("Target") after she slipped and fell in the entrance of one of its stores. Presently before us are the parties' cross-motions for summary judgment. (Dkt. Nos. 50, 81.) Also before us is Target's motion to strike Plaintiff's reply in support of her motion for summary judgment, Plaintiff's motion to strike Target's motion to strike her reply, and Plaintiff's motion to waive the page limit for her reply as set forth in Local Rule 7.1. (Dkt. Nos. 97, 100, 104.) For the reasons set forth below, we deny both motions for summary judgment, grant Plaintiff's motion to waive the page limit requirements for her reply, and deny both motions to strike as moot.

## BACKGROUND

The facts herein are undisputed and taken from the parties' Local Rule 56.1 statements of fact and the exhibits thereto unless otherwise noted. (*See* Def.'s SOF (Dkt. No. 51); Pl.'s SOF (Dkt. No. 84).) For the purposes of this analysis, we must rely on "evidence of a type otherwise admissible at trial." *Hemsworth v. Quotesmith.Com., Inc.,* 476 F.3d 487, 490

(7th Cir. 2007). On August 13, 2012, Plaintiff visited the Target store located at 2939 West Addison Street in Chicago, Illinois. (Pl.'s SOF ¶ 5.) The weather was damp and it was raining. (Def.'s SOF ¶ 10.) Plaintiff left the store after shopping for thirty-five to forty minutes and observed that it had rained. (*Id.* ¶¶ 11–12.) While waiting for the bus, Plaintiff noticed on her receipt that she had been overcharged. (*Id.* ¶¶ 13–14.) She returned to the store to get a refund and re-entered the store through the same doors that she had entered earlier. (*Id.* ¶ 19.) The entrance contains one set of doors between the outside and entryway, and a second set of doors between the entryway and the store interior. (*Id.* ¶ 18.) Plaintiff took one step into the entryway and slipped and fell between the first and second set of doors. (*Id.* ¶¶ 22–23.) Plaintiff observed there was water pooled on the floor where she fell and that the water smelled strongly like a sewer. (Pl.'s Rule 56.1 Resp. (Dkt. No. 80) ¶ 35.) Plaintiff claims that after the fall, a security guard employed by Target stated, "I knew this was gonna [sic] happen one day, because that entrance always floods when it rains."[1] (Pl.'s SOF ¶ 31.) A Target employee called an ambulance, and Plaintiff was taken to a hospital for treatment. (Def.'s SOF ¶¶ 48, 52.) Plaintiff asserts she suffered numerous injuries as a result of the fall. (*Id*. ¶ 48.)

On April 21, 2012, Plaintiff filed a four-page customer complaint with the store, (Def.'s SOF ¶ 61), in which she described a "filthy, smelly liquid" on the entryway floor and reported that her canvas bag was "soaking wet" after the fall. (Dkt. No. 51–5 at 1–2.) She also signed a statement claiming that she fell on the wet carpet. (Def.'s SOF ¶ 63.) Several Target employees submitted witness statements observing that the carpet was wet or damp due to rain. (*Id.* ¶¶ 57–59.) Thereafter, Plaintiff filed suit in the Circuit Court of Cook County, Illinois on July 6, 2014, alleging, under state tort law, that Target negligently allowed a foreign substance to

---

[1] Target contends this statement is inadmissible hearsay. (Dkt. No. 91 ¶¶ 31, 33.) We address the statement's admissibility below.

accumulate in its entryway which caused her to slip and fall. (Dkt. No. 1–1.) Target removed the case to federal court on August 8, 2014.

## LEGAL STANDARD

Summary judgment is proper only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party has the burden to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotation marks omitted). Once the moving party meets its burden of production, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but rather "must set forth specific facts showing that there is a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e). In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all inferences in that party's favor. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513. However, "inferences relying on mere speculation or conjecture will not suffice." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (citing *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)). Because the parties have filed cross-motions, we "construe all inferences in favor of the party against whom the motion under consideration is made." *Andersen v. Chrysler Corp.,* 99 F.3d 846, 856 (7th Cir. 1996) (citing *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir.1996)).

ANALYSIS

"Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 2219 (1996). The parties agree Illinois substantive law controls. (Def.'s Mem. ISO Summ. J. (Dkt. No. 52) at 4; Pl.'s Mem. ISO Summ. J. (Dkt. No. 83) at 3.) To prove negligence under Illinois law, "the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach." *Pavlik v. Wal-Mart Stores, Inc.*, 323 Ill. App. 3d 1060, 1063, 753 N.E.2d 1007, 1010 (1st Dist. 2001). If the plaintiff cannot establish an element of her cause of action, summary judgment for the defendant is proper. *Id.* The parties agree Target owed Plaintiff a duty to exercise reasonable care to maintain the premises in a reasonably safe condition for her use, but they dispute the elements of breach and proximate cause. (Def.'s Mem. at 10.)

**I.    Breach of Duty**

Under Illinois law, a defendant business owner breaches its duty to an invitee who slips on a foreign substance if "the substance was placed there by the negligence of the proprietor" or if the defendant had actual or constructive notice of the substance. *Pavlik*, 323 Ill. App. 3d. at 1063–64, 753 N.E.2d at 1010 (internal quotation marks and citations omitted). "Generally, an employee's knowledge of a dangerous condition or spilled substance on the premises is considered sufficient to impute notice to a defendant employer." *Id.* at 1065, 753 N.E.2d at 1012. Plaintiff offers comments from a security guard employed by Target to establish that a genuine issue of material fact exists as to whether Target, through its employee, had notice of the substance she slipped on. Specifically, Plaintiff claims that a Target security guard stated, "the floors always flood when it rains" and "I knew this was gonna [sic] happen

one day, because that entrance always floods when it rains."  (Pl.'s Mem. at 12; Pl.'s Reply (Dkt. No. 96) at 21–22; Pl.'s SOF ¶ 31; Brama Dep. (Dkt. No. 51–3) at Pg. ID#: 177–78.)[2]

Target responds that any such statement by the security guard is "inadmissible hearsay which is not supported by any written statements that have been shown to decision makers and should not be considered by the court in consideration of a summary judgment ruling." (Dkt. No. 91 ¶ 31.)  Hearsay is a "statement that the declarant does not make while testifying at the current trial or hearing" offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  However, Federal Rule of Evidence 801(d)(2)(D) provides that a "statement offered against an opposing party" and "made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay, and is admissible.  To analyze the admissibility of the security guard's alleged statement, "there are two relevant requirements under Rule 801(d)(2)(D)." *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir. 2003).  The statement "must be an admission" and must be made "concerning a matter within the scope" of the security guard's employment.  *Id.*  "To qualify as an admission, the statement 'need not be inculpatory,' but rather, it 'need only be made by the party against whom it is offered.'" *Miller v. TGI Friday's, Inc.*, No. 05 C 6445, 2007 WL 723426, at *4 (N.D. Ill. March 5, 2007) (quoting *United States v. McGee*, 189 F.3d 626, 631–32 (7th Cir. 1999.)  Because the security guard's admission is being offered against Target, "it qualifies as a vicarious admission if it meets the other Rule 801(d)(2)(D)

---

[2] Plaintiff's reply brief exceeded the 15 page limit set forth in Local Rule 7.1, which she moved to waive on February 1, 2017.  (Dkt. No. 104).  Plaintiff's motion to waive the page limit is granted.  Accordingly, Target's motion to strike Plaintiff's reply for failing to comply with Local Rule 7.1, (Dkt. No. 97), and Plaintiff's motion to strike Target's motion to strike, (Dkt. No. 100), are denied as moot.

requirement that the statement has to be 'within the scope . . . of employment.'" *Aliotta*, 315 F.3d at 761.

The security guard's statement was "within the scope of his employment" if he was "performing the duties of his employment when he comes in contact with the particular facts at issue." *Id.* at 761. According to Plaintiff, the security guard was employed by Target and, while working for Target, saw her fall and stated, "I knew this was gonna happen one day, because that entrance always floods when it rains." (Pl.'s SOF ¶ 31; Brama Dep. at Pg. ID#: 177–78.) The guard's statement was thus an admission within the scope of his employment, and not hearsay pursuant to Rule 801(d)(2)(D). *See, e.g.*, *McClelland v. Blazin' Wings, Inc.*, 675 F. Supp. 2d 1074, 1077–78 (D. Co. 2009) (citing *Aliotta* and finding a bartender's statement concerning a bar fight he observed while working could be imputed to his employer under Rule 801(d)(2)(D) because he was performing the duties of his employment when he came in contact with the facts at issue); *Taylor v. United States*, 3 C 2589, 2008 WL 152896, at *8 (W.D. Tenn. 2008) (finding a police officer's statement qualified as non-hearsay under Rule 801(d)(2)(D) because learned of the facts at issue "while performing the duties of his employment"). Moreover, despite the fact that Plaintiff has not corroborated the security guard's statement with any written documents, Plaintiff's testimony is sufficient to establish her personal knowledge of the security guard's statement. Fed. R. Evid. 602. (*See* Brama Dep. at Pg. ID#: 177–78.) We therefore find that there is a genuine dispute as to whether Target had actual notice of the water in the entryway, which precludes summary judgment on the issue of Target's alleged breach.

**II. Causation**

The parties also dispute the proximate cause of Plaintiff's injuries. Target maintains that Plaintiff cannot establish a triable issue as to causation because she "could not identify the

6

defect, its origin, the length of time it had been in the entryway, or what caused it to be in the entryway." (Def.'s Mem. at 9.) Plaintiff maintains that water in "the sewer-smelling flooded entrance floor" caused her to slip and fall. (Pl.'s Mem. at 8.) She also references employee witness statements documenting that the entrance was wet and that her clothing was wet after the fall, as evidence supporting her claim that water existed in the entryway and caused her to fall. (Dkt. No. 51–4.)

"If the plaintiff cannot identify the cause of her fall or can only surmise the cause, a court cannot find the defendant liable in negligence." *Bellerive v. Hilton Hotels Corp.*, 245 Ill. App. 3d 933, 936, 615 N.E.2d 858, 861 (2d Dist. 1993). However, "[t]o show cause in fact at this stage in the proceedings, it is not necessary that Plaintiff say with certainty what caused her fall." *Baez v. Target Corp.*, 80 F. Supp. 3d 862, 867–68 (N.D. Ill. 2015). Rather, "Illinois cases instruct that circumstantial evidence about the cause of the fall can be sufficient at summary judgment." *Id.* (collecting cases).

Target argues that Plaintiff "has provided multiple explanations" for how water allegedly came to pool in Target's entryway, (Def.'s Resp. (Dkt. No. 88) at 6), including a "sewer in the middle of the entryway floor; a puckered floor causing a hydroplane causing her to fall; the slipperiness of the doorway's threshold; [and] the alleged frayed, balding nature of the entryway carpeting." (Def.'s Mem. at 7 (citing *Kellman v. Twin Orchard Country Club*, 202 Ill. App. 3d 968, 974–75, 560 N.E.2d 888, 892 (2d Dist. 1990) (affirming summary judgment for the defendant when the plaintiff "admitted that she did not know" what caused her late husband's fall)).). However, Plaintiff has consistently asserted that the entrance was wet or flooded, which was ultimately the cause of her fall. (Def.'s SOF ¶ 63; Brama Dep. at Pg. ID#: 150, 152–53, 165–66, 169, 176–77, 180–81, 183, 195.) Regardless of whether

Plaintiff has shown that she knows the source of the substance upon which she alleges she slipped and fell, she has at least shown there is a genuine factual dispute as to whether the water in the entryway caused her fall. *See Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, 2011 IL App (1st) 092860, ¶ 19 (1st Dist. 2011) (finding a genuine factual dispute as to causation where "plaintiff did not know what caused her fall, but noticed a greasy substance on her hands that was so slippery, she was unable to get up without help," even though "there were no witnesses who observed the grease on the floor"); *Bellerive*, 245 Ill. App. 3d at 937, 615 N.E.2d at 861 (finding a genuine issue of material fact as to causation where the plaintiff fell while walking down the stairs and "did not see where she put her foot," but testified that "she felt the step was uneven").[3]

## IV. CONCLUSION

For the above reasons, we deny Target and Plaintiff's cross-motions for summary judgment, grant Plaintiff's motion to waive the page limit requirements set forth in Local Rule 7.1, and deny Target and Plaintiff's motions to strike as moot. It is so ordered.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Marvin E. Aspen
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: June 2, 2017

---

[3] Target also argues that Plaintiff was contributorily negligent and likely fell because she failed to pay attention to her surroundings. (Def.'s Mem. at 10; Def.'s Resp. at 8.) "Ordinarily, the question of contributory negligence is a question of fact for the jury." *Basham v. Hunt*, 332 Ill. App. 3d 980, 995, 773 N.E.2d 1213, 1226 (1st Dist. 2002); *see also Trotter v. Anderson*, 417 F.2d 1191, 1192 (7th Cir. 1969) ("The issue of contributory negligence is ordinarily not susceptible to summary adjudication and generally should be resolved in the ordinary manner at trial.") Target provides no citations to the record which might support its argument, and has therefore failed to show there is no genuine factual dispute on the issue of contributory negligence.