**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE BRAMA, | ) |
| | ) No. 14 CV 6098 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Magistrate Judge Young B. Kim |
| | ) |
| TARGET CORPORATION, | ) |
| | ) January 8, 2018 |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER

This slip-and-fall case is before this court on the basis of diversity jurisdiction and the parties' consent. Before the court is Plaintiff Christine Brama's Motion to Withdraw Her Consent to Exercise of Jurisdiction by a United States Magistrate Judge, (R. 129), along with a separate submission she captioned as "Plaintiff's Motion Explaining in More Detail Why Choosing the Magistrate on 8/24/17 Was an Uninformed Decision," (R. 131). For the following reasons, both motions are denied:

## Background

In July 2014 Brama sued Target Corporation in state court claiming negligence after she allegedly slipped and fell on a foreign substance near the entrance of a Target store. After Target removed the case to this court based on diversity jurisdiction, (R. 1), the case proceeded before the assigned district judge for three years. During that time, three attorneys representing Brama were granted leave to withdraw their appearances after they moved to do so based on a

breakdown of their relationships with Brama. (R. 13; R. 54.) Eventually, the assigned district judge recruited an attorney to represent Brama, (R. 118), and shortly thereafter the parties consented to this court's jurisdiction in August 2017, *see* 28 U.S.C. § 636(c); (R. 120). About two months after the consent was entered, Brama's court-recruited attorney also sought and was granted leave to withdraw as counsel of record. (R. 128.) Brama is now representing herself, and before the court are her two *pro se* motions seeking to withdraw her consent to proceed before a magistrate judge, arguing that her decision to consent was an uninformed one. (R. 129; R. 131.)

## Analysis

Although neither of the parties have addressed the issue, before turning to the merits of Brama's request to withdraw her consent the court feels compelled to point out that there appears to be some disagreement among jurisdictions with respect to whether such a motion is properly presented to and resolved by the assigned magistrate judge or a district judge. The governing statute states that after a party has consented to the jurisdiction of a magistrate judge, "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." 28 U.S.C. § 636(c)(4). The implementing rule states that "[o]n its own for good cause—or when a party shows extraordinary circumstances—the district judge may vacate a referral to a magistrate judge under this rule." Fed. R. Civ. P. 73(b). Different courts have come to different conclusions as to whether Rule

73(b)'s reference to "the district judge" means that only the district judge, and not the magistrate judge, can rule on a request to withdraw consent, or whether a magistrate judge is included in the rule's purview.

The Fourth and Sixth Circuits have both stated in non-precedential decisions that only a district judge, not a magistrate judge, has the power to withdraw a consent reference. *See Milhous v. Metro Govt.*, 221 F.3d 1335, 2000 WL 876396, at *1 (6th Cir. Jan. 21, 2000) ("It is clear that once a case has been referred to a magistrate judge under § 636(c), the district judge is the only one who can withdraw the reference."); *Dowell v. Blackburn*, 932 F.2d 963 (4th Cir. 1991) (concluding that only the district judge has jurisdiction to rule on a motion to withdraw consent). But as the Fourth Circuit acknowledged, "authority on this subject is sparse," *Dowell*, 932 F.2d at 963, and these decisions do not provide a thorough explanation as to why district judges retain jurisdiction to resolve motions to withdraw consent to the exclusion of the magistrate judge.

In some jurisdictions, and out of what appears to be an abundance of caution, magistrate judges have presented reports and recommendations when confronted with motions to withdraw consent, weighing in on the merits of the motion but leaving the ruling to the assigned district judge. *See, e.g., Pritchard v. Auto. Ins. Co. of Hartford, CT*, No. 3:15-CV-399-DCK, 2017 WL 474101, at *8 (W.D.N.C. Feb. 3, 2017); *Ball v. Colvin*, No. CV-12-01574-PHX-SMM, 2014 WL 2569059, at *3 n.1 (D. Ariz. June 9, 2014); *Knapp v. Cate*, No. 1:08-cv-01779-AWI-BAM PC, 2012 WL 5354928, at *2 (E.D. Cal. Oct. 29, 2012) (treating magistrate judge's order denying

motion to withdraw consent as recommendation); *Hopkins v. Steele*, No. 4:09CV1095-DJS, 2010 WL 4340257, at *1 (E.D. Mo. Oct. 27, 2010); *Frazer v. Miller-Stout*, No. CV-06-037-CI, 2006 WL 3842152, at *1 (E.D. Wash. Dec. 28, 2006). None of these cases cite a rule requiring the motions to be dealt with by report and recommendation.

Still other cases treat the magistrate judge's authority to rule on a motion to withdraw consent as a given, even characterizing an objection to the magistrate judge's ruling on such a motion as "frivolous." *See Diaz v. Superior Energy Servs. LLC*, 341 Fed. Appx. 26, 27 (5th Cir. 2009) (stating that plaintiff who argued district judge should have ruled on motion to withdraw consent rather than magistrate judge did not present any "nonfrivolous issue for appeal"); *Sockwell v. Phelps*, 906 F.2d 1096, 1097 n.1 (5th Cir. 1990) ("Clearly, the magistrate [judge] had the jurisdiction and power to permit the withdrawal of consent as he did."); *McCarthy v. Bronson*, 906 F.2d 835, 839 (2d Cir. 1990) (stating that a magistrate judge could have declined to vacate a consent "[w]ith complete propriety"). Although there does not appear to have been much discussion of the issue in this circuit, the Seventh Circuit and some in-circuit district court cases suggest that magistrate judges may rule on motions to withdraw consent under Rule 73(b). In *Allen v. Wine*, 297 Fed. Appx. 524, 529 (7th Cir. 2008), the Seventh Circuit rejected an appellant's argument that even though he had consented to the magistrate judge's jurisdiction, the district judge should have ruled on his motion arguing that the magistrate judge was biased. The *Allen* Court gave that argument no sway

even when hypothesizing that the motion could have been construed as a motion to withdraw under 28 U.S.C. § 636(c)(4). *Id.*; *see also Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987) (stating without discussion that "[w]e agree with the magistrate [judge] that this is not the type of extraordinary circumstance which should allow a party to withdraw its consent to have the case tried by a magistrate [judge]"). At least one court has cited *Lorenz* for the proposition that "the Seventh Circuit does not restrict the authority of a magistrate judge to rule" on a motion to withdraw consent, *McGrath v. Everest Nat'l Ins. Co.*, No. 2:07 CV 34, 2009 WL 4842837, at *4 (N.D. Ind. Dec. 10, 2009), and in another similar case, the district judge struck a motion to withdraw consent and ordered the plaintiff to refile the motion before the magistrate judge based on the previously-filed consent, *Sharif v. Funk*, No. 15 CV 10795, 2017 WL 902875, at *1 (N.D. Ill. Mar. 7, 2017); *see also, e.g., Morehouse v. Pollard*, No. 10-C-0946, 2011 WL 66157, at *1 n.1 (E.D. Wis. Jan. 10, 2011) (magistrate judge rules on motion to withdraw consent).

Based on this survey of the limited case law applying Rule 73(b), this court concludes that a magistrate judge may properly rule on a motion to withdraw consent pursuant to 28 U.S.C. § 636(c)(4) without presenting a report and recommendation to the district judge previously assigned to the case. When a consent referral is made under 28 U.S.C. § 636(c)(1), the magistrate judge is given the authority to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." In other words, once the consent referral is in place, the magistrate judge steps into the shoes of the district judge and

becomes "the court" for the duration of the litigation or until the consent is properly

withdrawn. *See Szustowicz v. City of Phila.*, No. 08-4745, 2015 WL 8972184, at *2-3

(E.D. Pa. Dec. 15, 2015). The relevant statute specifies that "the court" may vacate

a reference to a magistrate judge. 28 U.S.C. § 636(c)(4). And although Rule 73(b)(3)

states that "the district judge may vacate a referral," nothing in the Advisory

Committee Notes explaining the rule suggests that the term "district judge" was

meant to exclude the magistrate judge from exercising the full authority granted

upon consent, which extends to all proceedings with the contempt power being the

only exception.[1] *See Advisory Committee Notes* Rule 73(a), (b); *see also Szustowicz*,

2015 WL 8972184, at *2-3. So although the rule makes clear that the district judge

retains residual authority to rule on a motion to withdraw consent, that residual

power does not appear to displace the magistrate judge's authority to "conduct any

or all proceedings" in a civil matter once the parties enter a valid consent. *See* 28

U.S.C. § 636(c)(1). For all of these reasons, this court agrees with the cases

suggesting that a magistrate judge's authority to rule on a motion to withdraw

consent is co-extensive with that of a district judge.

Turning to the merits of Brama's motion to withdraw her consent, a party

may move to withdraw consent to proceed before a magistrate judge only in the

event of "extraordinary circumstances." Fed. R. Civ. P. 73(b)(3). The authority to

---

[1] Moreover, the rule's use of the word "its" in the first phrase seems inconsistent with its reference to "the district judge" in the last phrase. *See* Fed. R. Civ. P. 73(b)(3). If the rule were referring only to the district judge, one would expect the initial reference to state "[o]n his or her own for good cause," instead of "[o]n its own for good cause." The use of "its" would be consistent with a reference to "the district court."

permit withdrawal based on extraordinary circumstances "has been rarely used." Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, A. Benjamin Spencer & Adam N. Steinman, 12 Fed. Prac. & Proc. Civ. § 3071.3 (2d ed.). For example, even in a case where the plaintiffs were allowed to amend a complaint after the parties consented to the magistrate judge's jurisdiction by increasing a demand for punitive damages from $150,000 to $10 million, the Seventh Circuit found that there were no "extraordinary circumstances" that would justify the withdrawal of the consent. *See Lorenz*, 815 F.2d at 1097.

Here, the reasons that Brama provides in her motion requesting to withdraw her consent reflect a change of heart, rather than extraordinary circumstances. Brama asserts that she was influenced to make an "uninformed decision" to consent by her attorney who, according to her, had a loyalty to Target.[2] (R. 131, Pl.'s Mot. at 1.) That assertion appears to be based on what she perceived as friendly behavior between her attorney and Target's attorney following the hearing in which she agreed to consent to this court's jurisdiction. (Id. at 2-3.) But nothing about her assertions, even taken at face value, amounts to extraordinary circumstances or casts doubt on the voluntariness of her consent. Although it is true that counsel must act within the scope of his authority and with his client's informed permission in signing a consent form on his client's behalf, *see Sharif*, 2017 WL 902875, at *2, here the relevant hearing transcript reflects that after some initial hesitation from

---

[2] Brama also states that her court-recruited attorney "was not legally her lawyer yet" when he signed the consent form, (R. 131, Pl.'s Mot. at 1), but the district judge entered an order recruiting him as her attorney a month before he signed the consent form on her behalf, (R. 118).

Brama, she gave her attorney permission to consent. At the hearing, her attorney reported to the district judge that "this is a situation where my client believes that she feels more comfortable with you if you would, Judge. This is what she's telling me." (R. 132-1, Aug. 24, 2017 Tr. at 3.) The district judge responded by saying that the case likely would be resolved more quickly if it proceeded before the magistrate judge, to which Brama responded "Okay. Then I'll take your word for that . . . and we'll go with the magistrate."[3] (Id.) Brama's attorney signed the consent form on her behalf that same day. (R. 120.) Moreover, although in her motions Brama asserts that she knew that she had made an uninformed decision from the day the consent was entered, she waited over two months to bring the matter to the court's attention. (R. 128.) For all of these reasons, the court concludes that Brama's motion does not present the kind of "extraordinary circumstances" that would allow the court to take the rare step of permitting her to withdraw her consent. *See Allen*, 297 Fed. Appx. at 529 (characterizing allegation of bias as "unfounded, not extraordinary").

---

[3] In their submissions related to the current motions both parties have made the common mistake of referring to the undersigned as "the Magistrate." The court notes that there are no "magistrates" in the federal judicial system, at least not since the passage of the Judicial Improvement Act of 1990. *See, e.g., Williams v. City of Mesa*, No. CV-09-1511-PHX-LOA, 2010 WL 2803880, *2 n.1 (D. Ariz. July 15, 2010) (discussing relevant authority). Referring to the undersigned as "magistrate" is akin to referring to a district judge as "district." Neither title makes sense. "Thus, a magistrate judge may be appropriately called magistrate judge or judge, but not magistrate." *Id.*

## Conclusion

For the foregoing reasons, Brama's motions to withdraw her consent to proceed before this court are denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**