*FILED*

DEC 04 2010 *AM*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | | |
|---|---|---|---|
| CHRISTINE BRAMA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No. | 14 CV 06098 |
| | ) | | |
| TARGET CORPORATION, a Foreign | ) | Magistrate Judge Young B. Kim | |
| Corporation, d/b/a TARGET STORES | ) | | |
| | ) | | |
| Defendants. | ) | | |

### PLAINTIFF CHRISTINE BRAMA'S MOTION FOR JUDGMENT AND OTHER RELIEF & ASKING FOR SEVERE SANCTIONS AGAINST DEFENDANT TARGET'S PERJURY/WITHHOLDING/TAMPERING WITH EVIDENCE IN INTERROGATORIES

NOW COMES Christine Brama, Plaintiff filing Pro Se, PLAINTIFF'S MOTION FOR

JUDGMENT AND OTHER RELIEF & ASKING FOR SEVERE SANCTIONS AGAINST DEFENDANT

TARGET FOR PERJURY/WITHHOLDING/TAMPERING WITH EVIDENCE IN INTERROGATORIES,

pursuant to Fed. R. Civ. P. 37(c), Fed. R. Civ. P. 60(b)(3) and The Criminal Code of 1961 defines

Perjury, 720 ILCS5/32-2 and in support Plaintiff states the following:

### BACKGROUND

This is a premises liability lawsuit, where Plaintiff slipped and violently fell on Defendant

Target Corporation's entrance's flooded floors at 2939 West Addison Street in Chicago, Illinois

on 8/13/12. A Complaint was served on Target through the Circuit Court of Cook County,

Illinois, on July 6, 2014 – Case No.: 2014 L 007086 and transferred by Target Corporation to the

Federal Court on August 7, 2014 – Case No. 14 – CV – 06098. Plaintiff's Complaint - DISCOVERY

8/6/15 Target's Answers to Interrogatories were filed again by Defendant on 5/11/16, **Exhibits**

**#1 & #2**, along with an Affidavit signed under oath by William Thom, Senior Paralegal, Target

1

Corporation stating that the Answers in the Interrogatories are true and correct on October 5, 2015, witnessed and signed by Notary Public Minnesota, Patricia A. Kordiak. **Exhibit #2.**

## GENERAL LEGAL STANDARDS

Federal Rule of Civil Procedure 37(c)(1)

Perjury: A person commits perjury when he intentionally lies under oath, usually while testifying in court, administrative hearings, depositions, or in answers to interrogatories. Perjury can also be committed by knowingly signing or acknowledging a written legal document (such as affidavit, declaration under penalty of perjury, deed, license application, tax return) that contains false information. Perjury Charges in Illinois is defined by 720 ILCS 5/32-2.

Federal Rule of Civil Procedure 37(4)(a) – Evasive or Incomplete Disclosure, answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Inherent Authority of the Court and Fed. R. Civ. P. 37: A district court has inherent power to sanction a party who "has willfully abused the judicial process or otherwise conducted litigation in bad faith." Secrease v. Western & Southern Life Ins. Co., 800 F.3D 397 (7TH Cir. 2015); Salmeron v. Enterprise Recovery Systems, Inc. 579F.3D787,793 (7TH Cir. 2009); see Chambers v. NASCO, Inc., 501 U.S. 32, 48-49 (1991); Greviskes v. Universities Research Ass'n, 417 F.3D 752, 758-59 (7TH Cir. 2005).

The broad interpretation of Rule 37 is that all offending parties are presumed to know that tampering with the integrity of the judicial system, lying to the court, or engaging in other deceptive or abusive practices are absolutely unacceptable regardless of the absence of a specific court order to the contrary. Id.; see also Lightspeed Media corp. v. Smith, 2015 WL 3545253. *5 (S.D. Ill.2015) ("Although the language of Rule 37(b) requires violation of a judicial order in order to impose sanctions, a formal, written order to comply with discovery is not required, where a litigant engages in abusive litigation practices.") JFB HART Coatings, Inc. v. AM Gen. LLC, 764 F. Supp. 2d974, 981-82 (N.D. Ill.2011) (Although Rule 37 requires violation of a judicial order before a court imposes sanctions, "courts can broadly interpret what constitutes an order for purposes of imposing sanctions and a formal order is not required. This broad latitude "stems from the presumption that all litigants...are reasonably deemed to understand that fabricating evidence and committing perjury is conduct of the sort that is absolutely unacceptable.")

## ARGUMENT

Severe sanctions of dismissing Defendant Target's defense in this lawsuit for committing perjury in the Interrogatories, intentionally lying to withhold the information from Plaintiff, obstructing justice and committing discovery abuse, tampering with evidence. **Exhibits #1 page 4 at 12. & Exhibit #2**. Defendant Target was alerted by Plaintiff through various

2

Motions to the Court **(Exhibit #3, pages 18 & 19)** that they were caught in their lie, and they

chose to ignore Plaintiff by letting their lie continue for over 2 years, which is arrogant, willful.

Defendant knew their entrance was repaired before 5/21/14 after Plaintiff's 8/13/12 slip/fall.

**Exhibit #3, pages 18 & 19.** Fed. R. Civ. P. 26(e) imposes a duty to supplement a Rule 26(a)

initial disclosure or a response to an interrogatory "in a timely manner if the party learns that in

some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P.

26(e); Colon-Millin v. Sears Roebuck De Puerto Rico, Inc. 455F.3D 30, 37 (1ST Cir. 2006).

Defendant Target has been caught in countless lies as PLAINTIFF'S (REVISED LR7.1)

REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT reveals. **Exhibit #3.** It's the big

lie by Defendant in their ANSWER to Plaintiff's Interrogatories/Complaint **Exhibits #1 page 4 at**

**12. & #2** involving the entrance floor where Plaintiff's violent slip and fall occurred at 2939

West Addison Street in Chicago, Illinois – because entrance where she fell is considered

physical Evidence where her violent slip and fall occurred because of flooding from a sewer in

the middle of the entrance floor, **Exhibit #4.** which caused Plaintiff's multiple injuries that will

never heal and spinal surgery now on the horizon. Defendant's big lie cannot go unpunished

and severe sanctions of dismissing Target's defense in this lawsuit should apply and allow

Plaintiff judgment to prevail. **Exhibit #1 page 4 at 12; Exhibit #2; Exhibit #3, pages 18 & page**

**19.**

### DEFENDANT'S INTENTIONAL BIG LIE UNDER OATH IS PERJURY

The following **ANSWER** by Defendant Target to Plaintiff's Interrogatories (Complaint)

question, **Page 4 at 12, Exhibit #1,** is one big intentional lie in which Target commits Perjury:

"12.   State the name, last known address and job title of the person or entity that

repaired the front entrance of the facility alleged in the Complaint after the date of the

occurrence and state whether that person is employed by the Defendant.

**ANSWER:** The front entrance of the facility alleged in the Complaint did not need repair."

**Exhibit #1.** An Affidavit under Oath signed 10/5/15 by Target's William Thom to the truth of

this statement above accompanies Defendant Target's ANSWERS to Interrogatories filed on

5/11/16. **Exhibits #2 and Exhibits #4 & #5.**

<u>TARGET'S ENTRANCE FLOOR WAS REPAIRED SOMETIME BEFORE 5/21/14</u>

Target's entrance floor <u>was </u>repaired sometime before 5/21/14**,** approximately 16

months <u>after </u>Plaintiff's slip and fall as photos of repaired entrance floor submitted show that

entrance was repaired.  **Exhibit #5.** Defendant Target lied under oath, committing Perjury, by

stating "The front entrance of the facility alleged in the Complaint did not need repair." **Exhibit**

**#1 page 4 at 12; Exhibit #2; #Exhibit #3; #Exhibit #4; Exhibit #5.**

<u>DEFENDANT TARGET TAMPERED WITH EVIDENCE BY LYING IN ORDER TO WITHHOLD</u>
<u>INFORMATION FROM PLAINTIFF</u>

Defendant withholding Evidence, Defendant Intentionally lying in ANSWERS

to Plaintiff's Interrogatories, amounts to Defendant Tampering With Evidence, Obstruction of

Access to Discovery, Perjury.

Plaintiff's lawsuit could have been settled a long time ago had Defendant Target

provided truthful answers and names of people or documents of who repaired the entrance

floors <u>after </u>Plaintiff's slip and fall as she requested, but instead Defendant Target chose to lie:

"The front entrance of the facility alleged in Complaint did not need repair." **Exhibit # 1 page 4**

**at 12** and sign an Affidavit under oath that that was true but it was one big intentional lie to

withhold information from Plaintiff of who repaired this entrance floor as evidence photos

show the floor was repaired sometime before 5/21/14. **Exhibit #5.**

<u>TARGET COMMITTED PERJURY INTENTIONALLY WITHHOLDING NAMES, TAMPERINGWITH EVIDENCE, OBSTRUCTING ACCESS OF DISCOVERY</u>

Target lied to Plaintiff and to the Court intentionally in Interrogatories that the entrance floor didn't need repair, so that they would not have to produce names/entity who repaired entrance floor <u>after</u> Plaintiff's slip and fall incident. Target did not want to produce these names to Plaintiff because Plaintiff would then know who replaced the entrance floor and why it was replaced - the sewer in the middle capped off **Exhibit #4, Exhibit #5** and Target knew this would be the end to their defense in this lawsuit. Target chose to perjure themselves and tamper/spoilage of/with evidence, Obstruct Access to Discovery instead of doing the right thing and telling truth and giving Plaintiff the information she requested. Target's lie was intentional and the Court must realize this and act accordingly by dismissing their defense in this lawsuit and allowing Plaintiff to prevail. Defendant Target has lied to Plaintiff and to the Court too often during this lawsuit and this lie should absolutely not go unpunished and be Defendant's last lie because the Court should not allow this kind of Perjury by Defendant to continue. It's totally disrespectful and shameful to the entire justice process.

Target's sewer in the middle of the entrance floor where Plaintiff's slip and fall occurred was not being maintained properly by Target because it was covered in wall-to-wall carpeting, so Target just ignored it. The constant flooding from a sewer in the middle of entrance every time it rained (per Target employee), reared its ugly head by puckering up the entire entrance and revealing the imprint of a sewer underneath the wall-to-wall carpeting. Evidence. **Exhibit #4.**

The entrance floors were replaced before 5/21/14 **Exhibit #5** (leaving the exact same

dangerous un-treaded threshold intact that Target employees deemed dangerous). This is 16 months _after_ Plaintiff's slip and fall of 8/13/12. Defendants Target/Sedgwick KNEW the entrance floors were repaired, but decided to lie that entrance didn't need repaired.

**CONCLUSION**

IF Defendant produced name/entity that repaired entrance floor Plaintiff requested in these Interrogatories to Defendant as they should have – the documents would show that the entrance floor desperately needed repair as puckered up photos show and _was repaired_ _after_ Plaintiff's slip and fall as evidence photos show. **Exhibit #4, Exhibit #5.**

Defendant Target intentionally lied in Interrogatories. Target did not want Plaintiff to have names of people who repaired entrance Plaintiff requested of them and by withholding this evidence of the entrance floor documents from Plaintiff and the Court and avowing the truth of the affidavit signed by William Thom that the statement made by him, Sedgwick, Target was true and correct, when it was actually a big lie; in doing so, Defendant Target Tampered With Evidence, Obstructed Access to Discovery and committed Perjury. Target/Sedgwick lied because they knew if they gave Plaintiff names/entity of who repaired entrance and why, they would have no defense and the lawsuit would be over and settled.

Defendant Lying. Signing an Affidavit. Lying some more.

Defendant Target's entrance floor at 2939 West Addison Street in Chicago, Illinois, IS Evidence. Defendant Target tampered with evidence and severe sanctions should be administered by this court against Defendant Target. A severe sanction of dismissing Target's defense in this lawsuit for perjury and Tampering With Evidence, Obstructing Access of Discovery to hide their negligence and the truth from Plaintiff and from the Court would be

6

appropriate and just, and allow Plaintiff to prevail in this lawsuit and give her the justice she deserves. These Interrogatories were to be answered truthfully and names were to be provided to Plaintiff and they were not. This was done intentionally to deceive the Court and Plaintiff and Defendants were made aware of this lie through Plaintiff's countless Motions to the Court that the entrance floors were repaired before 5/21/14, **Exhibit #3** for over 2 years, but Target chose to ignore it to keep their lie alive, signing Affidavit on 10/5/15 that "The front entrance of the facility alleged in the Complaint did not need repair." A lie. **Exhibits #4 & #5.**

Defendant Target and their self-insured Sedgwick's insurance company attorney, Eileen Letts have robbed Plaintiff of 6 plus years of her life with their lies, greed and their racist strategies; with distracting chronic pain from multiple injuries from slip and fall that will never heal and prepping for spine surgery, have distracted her from signs of a detrimental health crisis. Defendant's perjury in the Interrogatories deserves a severe sanction of dismissing Defendant Target's defense, allowing Plaintiff to prevail.

**WHEREFORE**, Plaintiff, Christine Brama, filing Pro Se, respectfully prays that this Honorable Court grants Plaintiff Motion for judgment and any other relief the Court deems fit, and allowing Plaintiff to prevail by dismissing Defendant Target's defense. Pursuant to Federal Rule 37(c), Fed. R. Civ. P. 60(b)(3), 720 ILCS5/32-2

Respectfully Submitted,

Cristine Brama, Plaintiff, pro se

Cristine Brama, Plaintiff, pro se
4020 West Barry Avenue
Chicago, Illinois  60641
(773) 545-3734

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE BRAMA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 CV 06098 |
| | ) | |
| v. | ) | District Judge: |
| | ) | Honorable Marvin E. Aspen |
| TARGET CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT TARGET CORPORATION'S ANSWERS
## TO PLAINTIFF'S INTERROGATORIES

NOW COMES Defendant, TARGET CORPORATION, by and through its

attorneys, GREENE AND LETTS, and pursuant to the Federal Rules of Civil Procedure,

submits its answers to the following interrogatories and states as follows:

## INTERROGATORIES

1.      State the name, address, position and title with the Defendant of the individual
answering these Interrogatories on behalf of the Defendant.

        **ANSWER**: These Answers are those of Defendant Target Corporation. The

Answers were prepared by Senior Paralegal, William Thom at Target Corporate

Service, Inc. with the assistance of defense counsel. The address is: 1000 Nicollet Mall,

TPS 3155, Minneapolis, MN 55403.

2.      State the full name and last known address of each person who witnessed or
claims to have witnessed the occurrence alleged in the complaint, and whether
they are currently employees of TARGET CORPORATION.

1

Exhibit #1

**ANSWER:** None.

3. State the full name and current residence address of each person not named in interrogatory No. 2 above who was present and/or claims to have been present at the scene immediately before, at the time of, and/or immediately after the occurrence, and whether they are currently employees of TARGET CORPORATION.

**ANSWER:**

William Raul Garcia , Target employee

Joel Joshua I. Fierro, Target employee

Edison Jonathan Castenada , Target employee

Karel Hammonds (no longer employed by Target Corporation)

Valerie Konkolewski, Target employee

Leketria Hartfield (no longer employed by Target Corporation)

Charish Turner, Target employee

4. Immediately prior to the time of the plaintiff's alleged occurrence, did you or any agent or employee of TARGET CORPORATION have any knowledge of issues or defects to the front entrance of the facility where the Plaintiff fell?

**ANSWER:** No.

5. If you answer to the preceding interrogatory is in the affirmative, please state: (a) How you or any agent or employee of TARET CORPORATION acquired such knowledge. (b) How long you knew that the situation or condition existed prior to the alleged occurrence.

**ANSWER:** Not applicable.

6. If TARGET CORPORATION had any established procedure in the five years prior to the date of the occurrence for the inspection of the front entrance of the facility alleged in the Complaint, please state:

   (a)  A description of the inspection procedure;

2

(b) The date when the last inspection was made prior to the date of the accident;

(c) The name, job title, last known address and telephone number of each person who participated in such inspection;

(d) A description of what said inspection included; and

(e) The conditions disclosed by the last inspection before the alleged incident on **August 13, 2012.**

**ANSWER:** The inspection of the front entrance of the facility alleged in the complaint is covered in the attached policies. This information can be obtained by Target employees working at this particular location.

7. Were any other person injured in the five years prior to the date of the occurrence at the scene (the front entrance of the facility) as alleged in the Complaint? If so, for each injury state the name and last known address of the injured person, the date of the injury, and in general, the cause of injury and the nature of the injury.

**ANSWER:** Defendant objects to this interrogatory as overly broad and burdensome. However, without waiving said objection, there were no other injuries at the scene of this incident.

8. For each injury specified in Interrogatory Number 7, state the names, last known addresses and job titles of any persons with knowledge of the injuries and causes thereof.

**ANSWER:** N/A

9. As to any policy of insurance which covers the Defendant, state the name of the insurer, the type of policy, the policy number, the effective period and the maximum liability, for each and every such policy, including excess insurance, umbrella, and self-insured risk pool.

**ANSWER:** ACE USA, XSLG23720012; Term 2/1/2007-1/31/2014; $4.5 million

10. Were you or anyone acting under your authority responsible for the repair, maintenance and inspection of the front entrance of the facility where the alleged incident occurred? If not, please state who or what agency was responsible for the maintenance and inspection of the front entrance of the facility where the alleged incident occurred.

**ANSWER:** No, however the Store Facilities Technician would be responsible for minor repairs. Target Corporation employees are trained to be vigilant regarding potentially hazardous conditions.

11.   If the Defendant contracted with another person or entity for work to be done to the front entrance of the facility area alleged in the Complaint and such contract was in effect on the date of the occurrence alleged in the Complaint, state the name and last known address of the other parties to the contract and the duties of each party under the contract and state whether the contract was in writing and who now has the contract or a copy thereof.

**ANSWER:** Defendant objects to this interrogatory as overly broad, burdensome, and not reasonably limited in time and scope.

12.   State the name, last known address and job title of the person or entity that repaired the front entrance of the facility alleged in the Complaint after the date of the occurrence and state whether that person is employed by the Defendant.

**ANSWER:** The front entrance of the facility alleged in the Complaint did not need repair.

13.   If the Defendant contends that some other person or entity is responsible for the installation or condition of the front entrance area of the facility as alleged in the Complaint, please state the name and last known address of this person or entity and state the basis for the Defendant's contention.

**ANSWER:**   Not applicable.

14.   If the Defendant contends that some other person or entity was responsible for the maintenance and repair of the front entrance area of the facility as alleged in the Complaint, please state the name and last known address of said person or entity and the basis of the Defendant's contention.

**ANSWER:**   Not applicable.

15.   Were there any reports or statements submitted by any individual regarding the injury to the Plaintiff(s) or the condition of the premises involved and referred to in the Complaint?   If the answer is in the affirmative, please state the names, addresses and employment position of each individual submitting said report, the name and address of the person or company who presently has possession of said report, the date of each report and attach a copy of said report(s) hereto.

**ANSWER:**   Yes, the employees named in the answer to interrogatory 2 have submitted Incident Reports which are attached.   Plaintiff also submitted a written

handwritten statement to a Target employee regarding the incident. It is attached.

16. What is the name and last known address of each person or entity having an ownership or least [sic] interest in the front entrance area of the facility which is the subject matter of this Complaint, on the date specified in the Complaint, and state the nature of the interest on the date specified in the Complaint and state when said interest was acquired.

**ANSWER:** Target Corporation.

17. What is the name and last known address of each person or entity having control or possession of the front entrance area of the facility specified in the Complaint, on the date specified in the Complaint, and state the extent of such control or possession?

**ANSWER:** Defendant objects to this interrogatory's assertion of the terms "control" or "possession" as they assume legal conclusions.

18. Please describe in detail any warnings or signals, either written or oral, given by the Defendants to the Plaintiff or others who might be upon the premises, prior to the alleged occurrence.

**ANSWER:** Defendant objects to this interrogatory as overly broad, burdensome, and not reasonably limited in time and scope.

19. Please state what precautions, if any, were taken by you or any agent or employee of the Defendant on the date of, and prior to the Plaintiff's alleged occurrence to prevent injuries.

**ANSWER:** Defendant objects to this interrogatory as overly broad, burdensome, and as not reasonably limited in time and scope.

20. Do you have any information tending to indicate:

    (a) That any plaintiff was, within the five years immediately prior to the occurrence, confined in a hospital and/or clinic, treated by a physician and/or other health professional, or x-rayed for any reason other than personal injury? If so, state each plaintiff so involved, the name and address of each such hospital and/or clinic, physician, technician and/or other health care professional, the approximate

date of such confinement or service and state the reason for such confinement or service.

(b) That any plaintiff has suffered any serious personal injury and/or illness prior to the date of the occurrence? If so, state the name of each plaintiff so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered;

(c) That any plaintiff has suffered any serious personal injury and/or illness since the date of the occurrence? If so, state the name of each plaintiff so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered;

(d) That any plaintiff has ever filed other suit for his or her own personal injuries? If so, state the name of each plaintiff so involved and state the court and caption in which filed, the year filed, the title and docket number of the case.

**ANSWER:**

(a) None other than what has been provided by Plaintiff's counsel.

(b) Plaintiff was in an MVA on October 7, 1993 and admitted to the hospital for neck pain. She submitted her claim to Allstate Insurance.

(c) None other than what has been provided by Plaintiff's counsel.

(d) Defendant has notice of other claims:
    (i) October 1, 2007
    commercial GL
    carrier: State Farm
    claim #13B278414
    Insured: John Tarchala
    injury: bronchitis/allergic reaction to dust

    (ii) August 2, 1997
    med pay/homeowners
    carrier: American States Ins Co
    claim #5590101148001
    Insured: Bensenville Park District
    injury: soft tissue left foot

    (iii) October 11, 1993
    commercial GL

carrier: Broadspire
claim #565043900
Insured: Sears Roebuck & Co
injury: upper respiratory infection

21. Were any photographs, movies and/or videotapes taken of the scene of the occurrence or of the persons involved? If so, state the date or dates on which such photographs, movies and/or videotapes were taken, the subject thereof, who now has custody of them, and the name, address, and occupation and employer of the person taking them.

**ANSWER**: Yes, there are videos from August 13, 2012. The Target AP Team Member who partnered with video is Eddie Gomez, who can be reached through Defendant's undersigned counsel. Two photographs were taken of the front entranceway and the Target attorney has custody of the video and the photographs. Target is the employer.

22. Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the occurrence complained of occurred, or have you overheard any statements made by any person at any time with regard to the injuries complained of by plaintiff or the manner in which the occurrence complained of occurred? If the answer to this interrogatory is in the affirmative, state the following:

    (a)    The date or dates of such conversation and/or statements;
    (b)    The place of such conversation and/or statements;
    (c)    All persons present for the conversations and/or statements;
    (d)    The matters and things stated by the person in the conversations and/or statement;
    (e)    Whether the conversation was oral, written and/or recorded; and
    (f)    Who has possession of the statement if written and/or recorded.

**ANSWER**: Objection, the nature of these conversations occurred with Target's attorneys and is protected by attorney-client privilege.

23. List the names and last known addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom, and whether they are currently employees of the Defendant.

**ANSWER**: None at this time. Investigation continues.

24. Do you have statements from any witness other than yourself or, if a corporation, of anyone other than an officer, director, managing agent or foreman? If so, give the name and last known address of each such witness, the date of said statement and state whether such statement was written or oral.

**ANSWER**: None other than the handwritten statement by the plaintiff. Investigation continues.

25. Name and identify address of all owners affiliated with the entity TARGET CORPORATION including the type of entity, when it was formed, the registered agent, principal place of investments, and name and address of the accountant for said entity.

**ANSWER**: Defendant objects to this interrogatory as overly broad, burdensome, and as not reasonably limited in time and scope.

26. Does TARGET CORPORATION have an ownership, property management interest, or any other affiliation with the front entrance area of the facility as alleged in the Plaintiff's complaint. If so, describe the interest, when it was established, and the individuals within the organization that have knowledge of the facts as alleged in Plaintiff's complaint.

**ANSWER**: Defendant objects to this interrogatory as overly broad, burdensome, and as not reasonably limited in time and scope. Without waiving said objection, Target Corporation owns and manages the front entrance area of the facility.

Respectfully Submitted,

**TARGET CORPORATION**


/s/ Eileen M. Letts
Eileen M. Letts


Eileen M. Letts
Joelle M. Shabat
GREENE AND LETTS
55 West Monroe Street
Suite 600
Chicago, IL 60603
312-346-1100

X:\TARGET CORPORATION\BRAMA - 0158-00019\DISCOVERY\08-06-15 Target's Answers to Interrogatories.docx

STATE OF MINNESOTA )
                    ) SS.
COUNTY OF HENNEPIN )

William Thom, Senior Paralegal of Target Corporate Services, Inc., after being duly sworn on oath, states that he is an authorized signatory of Target Corporation, a Defendant in the above-entitled cause, and that he verifies the foregoing *Defendant Target Corporation's Answers to Plaintiff's Interrogatories* and on behalf of said Defendant and is duly authorized to do so; that certain of the matters stated in the foregoing *Defendant Target Corporation's Answers to Plaintiff's Interrogatories* are not within the personal knowledge of signatory and that signatory is informed that there is no Officer or Managing Agent of the Defendant who has personal knowledge of such matters; that the facts stated in said Answers have been assembled by authorized employees and counsel of Defendant, and signatory is informed that the facts stated in said Answers are true and correct.

William Thom
Senior Paralegal
Target Corporation

Subscribed and sworn to before me
this ____ day of _____, 2015.

_Patricia A. Kordiak_
Notary Public

Patricia A. Kordiak
NOTARY PUBLIC- MINNESOTA
MY COMMISSION EXPIRES 1-31-2020

Exhibit #2

# RECEIVED

FEB 01 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRISTINE BRAMA )
)
   Plaintiff, )  Case No.: 14-CV-06098
)
)  District Judge:
  Vs. )  Honorable Marvin E. Aspen
)
)
TARGET CORPORATION, )

   Defendant.

## PLAINTIFF'S (REVISED LR7.1) REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

**NOW COMES** Plaintiff, Christine Brama, filing pro se and pursuant to Local Rule 56.1 of

the Illinois District Court Rules for the Northern District of Illinois, submits her Reply in

Support of Her Motion for Summary Judgment and in support states as follows:

## TABLE OF CONTENTS

ARGUMENT – I. through VII.:     Pages 3 thru 23

 I.  DEFENDANT'S RESPONSE FAILS TO COMPLY
    WITH LOCAL RULE 56.1(b)
    a. (Fact #6), b. (Fact #47), c. (Fact #48), d. (Fact #49)
    e. (Fact #50), f. (Fact #51), g. (Fact #52), h. (Fact #53),
     i. (Fact #54).      Page 3

 II.  DEFENDANT'S DISAGREEMENT WITH
    PLAINTIFF'S STATEMENT OF FACTS
    i.(Fact #6), ii. (Fact #7)    Page 3
    iii. (Fact #8), iv. (Fact #9), v. (Fact #10), vi. (Fact #11)
    vii. {Fact #12}     Page 4
    viii. (Fact #13), ix. (Fact #14), x. (Fact #16) Page 5
    xi. (Fact #17), xii. (Fact #18), xiii. (Fact #19)
    xiv. (Fact #20), xv. (Fact #21)   Page 6,7
    xvi. (Fact #22), xvii. (Fact #23), xviii. (Fact #24),
     xix. {Fact #25}     Page 7,8
     xx. Fact #27}, xxi. (Fact #29)   Page 8

Exhibit #3

|  |  |  |
|---|---|---|
| | xxii.(Fact #30), xxiii. (Fact #31), xxiv. (Fact #32) | Page 9 |
| | xxv. (Fact #33), xxvi. (Fact #34), xxvii. (Fact #35) | Page 10 |
| | xxviii. (Fact #36), xxix. (Fact #37), xxx. (Fact #38) | Page 11 |
| | xxxi. (Fact #39), xxxii. (Fact #40) | Page 12 |
| | xxxiii. (Fact #41), xxxiv. (Fact #42) | Page 13 |
| | xxxv. (Fact #46), xxxvi. (Fact #47) | Page 14 |
| | xxxvii. (Fact #50) | Page 15 |
| III. | PLAINTIFF HAS DEMONSTRATED PROXIMATE CAUSE WITH PROPER EVIDENCE SUBMITTED | Page 15,16,17 |
| IV. | DEFENDANT'S WILLFUL AND WANTON MISCONDUCT | Page 17,18,19 |
| V. | DEFENDANT HAD ACTUAL NOTICE | Page 19,20,21,22 |
| VI. | TARGET'S DUTY WAS TO EXERCISE ORDINARY CARE AND TARGET BREACHED THAT DUTY TO PLAINTIFF, A BUSINESS INVITEE (Fact #5) | Page 22,23 |
| VII. | CONCLUSION | Page 23 |

## TABLE OF AUTHORITIES

Cases

*Lough v BNSF Ry. Co.*, 988 N.E. 2d, 1090, 1094-95
    (ILL. App. Ct. 2013)                                                   Page 15

*Coffee v. Menard, Inc.*, No. 13 C 2726, 2015 WL 399049, at *4
    (N.D. Ill. March 25, 2015)                                        Page 16,17

*Adkins v. Sarah Bush Lincoln Health Ctr.*, 544 N.E. 2d, 733, 734
    (Ill. 1989)                                                           Page 17

*Estate of Burns v. Williamson*, No. 11-CV-3020, 2015
    WL 4465088, at *12 (C.D. Ill. July 21, 2015)              Page 17

*Kirwan v. Lincolnshire-Riverwoods Fire Prot. Dist.* 811 N.E. 2d,
    1259, 1264 (Ill. App. Ct. 2004)                                Page 17

*Reed v. Wal-Mart Stores, Inc.* 700 N.E. 2d, 212, 215
    (Ill. App. Ct. 1998)                                           Page 19,21,22,23

*Pavlik v. Wal-Mart Stores, Inc.* 323 Ill. App. 3d, 1060 753 N.E. 2d,
    1007 (1st Dist. 2001)                                          Page 20,21,22

*Vojas vs. K-Mart Corp.* 312 Ill. App. 3d, 544, 727 N.E. 2d, 397
    (5th Dist. 2000)                                                  Page 20,22

*Krebs v. Valley Baptist Church, Inc.*, No. 2-14-0243, 2014 WL
    4942337, AT *6 (Ill. App. Ct. Oct. 1, 2014)               Page 21,23

*Zuppardi v. Wal-Mart Stores, Inc.* 770 F. 3d, 644, 649 (7th Circ. 2014)   Page 22

*Donoho v. O'Connell's, Inc.*, 148 N.E. 2d, 434, 441 (Ill. 1958)     Page 23

*Piotrowski v. Menard, Inc.* No. 13 C 5572, 2015 WL 5139415, at *3
    (N.D. Ill. August 31, 2015)                                    Page 23

CHICAGO MUNICIPAL CODE
City of Chicago Municipal Code $11-16-020, Chapter 18-29-700       Page 16,17,19, 22

2

## ARGUMENT

### I.  DEFENDANT'S RESPONSE FAILS TO COMPLY WITH LOCAL RULE 56.1(b)

Local Rule 56.1(b) requires that Defendant, as the non-moving party, respond to each numbered paragraph in Plaintiff's 56.1(a)(3) Statement of Undisputed Material Facts. LR 56.1(b)(3) and to admit or deny/dispute Plaintiff's statement. Defendant has not complied with this requirement in the following:

   a. At #6 Defendant neither admits nor denies fact #6.

   b. At fact #47, Defendant omits numbering it as #47.

   c. Defendant incorrectly lists fact #48 as "47" and **"admit"** to content of fact #48.

   d. Defendant incorrectly lists Plaintiff's fact #49 as "b l a n k", and **"admit"** to correct content of #49.

   e. Defendant incorrectly lists Plaintiff's fact #50 as "#48 " and "deny content of #50.

   f. Defendant incorrectly lists Plaintiff's fact #51 as "#49" and **"admit"** content of #51.

   g. Defendant incorrectly lists Plaintiff's fact #52 as "#50" and **"admit"** to content of #52.

   h. Defendant incorrectly lists Plaintiff's fact #53 as "#51" and **"admit"** to content of  #53.

   i. Defendant incorrectly lists Plaintiff's fact #54 as "52" and **"admit"** to content of #54.

### II.  DEFENDANT'S DISAGREEMENT WITH PLAINTIFF'S STATEMENT OF FACTS

   i.   Defendant neither admits nor denies fact #6.  This fact shows that as she shopped, paid for groceries, Defendant had plenty of time before Plaintiff re-entered store for a refund to put rubber mats, cones, signs of caution warning customers that the entrance was slippery.

   ii.   Defendant denies fact #7 as irrelevant and immaterial but does not deny the validity of it.  It is relevant that it rained a lot before Plaintiff got to the bus stop. Defendant had Constructive Notice to put rubber mats, cones, signs warning customers entrance was slippery.

iii.     Defendant denies fact #8 and claiming it's irrelevant and not material, but do not deny the validity of fact #8. Plaintiff disagrees. Target committed a consumer fraud by charging Plaintiff regular price for an advertised sale item. IF Plaintiff was not overcharged on this sale item by Target, she would not have re-entered store for a refund and therefore would not have fallen and sustained multiple injuries.

iv.     Defendant denies fact #9 and incorrectly quotes Plaintiff's 4-page Complaint of 8/21/12 as "8/12/12". *Also, see Page 2, at #9, Plaintiff's Statement of Undisputed Facts* which Plaintiff clearly quotes from her 8/21/12 4-page Complaint, which she cites correctly with the correct date of the complaint, is obviously not the Complaint at Law Defendant suggests it is then denies it." In her 8/21/12 4-page Complaint, Plaintiff states: "I quickly scanned the entryway up and down with my eyes and everything seemed ok. As I stepped inside onto the floor with my right foot, my right foot slipped on something very, very slippery, slipping to the left, knocking toward my left foot and I started to fall." *Plaintiff's 4-page 8/21/12 Complaint page 1, para 2, lines 1-6; Ex. 5.* Plaintiff's daughter's witness statement, *Ex. 5*, was additional evidence, and was cited to the record from the *8/21/12 4-page Complaint,* and should be admissible, competent evidence to be considered by the Court for a Summary Judgment ruling.

v.     Defendant denies fact #10, which Plaintiff refers to in her 4-page handwritten Complaint, as "irrelevant and not material" but they do not deny the validity of fact #10.

vi.     Defendant denies fact #11 and incorrectly quotes Plaintiff as saying "8/12/12 Document" which Plaintiff clearly states 8/21/12 Complaint. *See Page 3, Plaintiff's Statement of Undisputed Facts.* Defendant claims it's irrelevant, immaterial but does not deny its validity.

vii.     Defendant denies fact #12 claiming it's not material or relevant but does not deny

4

the validity of fact #12. "After hitting her right knee on the ground, Plaintiff's head and neck went forward, then sharply back. Plaintiff does not remember hitting her head." *Ex. C, p. 132, Lines 11-24; Ex. C, p. 57, 17-18.*

viii.    At #13, Defendant denies, and omits "8/21/12" Plaintiff's Complaint then untruthfully states: "Plaintiff never stated that she felt water coming up from under the carpeting." Plaintiff disagrees: At #13, Plaintiff states: "Plaintiff smelled a strong odor of sewer, as if she were lying on top of a sewer, and felt water coming up from under the carpeting and worried that her wounded knee was soaking in that sewer-smelling liquid, and about her allergies." This is verified in *Plaintiff's 8/21/12, 4-page Complaint, (8 days after the accident) p. 1, para. 3, first 3 lines and last 4 sentences. Ex. C, p. 61, lines 21-22; p. 63 lines 16-20.* Four years after accident, at 3/16/16 Deposition, Defendant asked Plaintiff: "And flooded, what do you mean by flooded? <u>I have my own definition, but I want yours.</u>" Plaintiff gave her a "definition" of "flooding" at first, then showed her by <u>motioning with her hands </u>as if she was on the ground saying, "<u>going like this</u> and water is coming up from underneath, that's flooding." *Ex. C, Page 63, lines 5-7.* Fact #13 should be considered for Summary Judgment.

ix.    At # 14, Defendant denies Plaintiff's statement claiming it's not relevant or material, but does not deny the validity of fact #14 in which she testified to and wrote in her 8/21/12 Complaint that she screamed after she hit her right knee. A guard is seen immediately running toward her in Surveillance Video and stands above her head on the ground.

x.    Defendant denies fact #16 claiming the video does not establish that Plaintiff hit her head. Plaintiff disagrees. There are 2 views of the video and the video in the vestibule clearly shows Plaintiff hitting her head.

xi.    Defendant denies fact #17, saying it's irrelevant and immaterial, but does not deny

the validity of fact #17.  Plaintiff and her daughter watched video for first time and saw she

hit her head which is cited to the record from Deposition and a witness statement provided. *Ex.*

*5.* Defendant claims statement made to her by Dr. Salta is irrelevant and "hearsay", although

Plaintiff testified to that fact at the Deposition, and cited it to the record at fact #17.

xii.    Defendant denies fact #18 is material or relevant and claims "the allegations

plaintiff asserts here are highly inconsistent with the video in question".

xiii.    Defendant denies fact #19.  Plaintiff disagrees:  Defendant Target's  Vestibule

Surveillance Video clearly shows Defendant's employees have total control of the entrance on

their property and total control of an injured Plaintiff, along with an unidentified person who

may be a Target employee.  Plaintiff was in no danger of getting hit by a train, a bus or a car,

yet Target employees knowing an ambulance was on the way,  hurriedly get rid of Plaintiff out

of the entrance so other customers would not witness the accident and for a Target employee

to take pictures.

xiv.    Defendant denies fact #20, claiming "the allegations plaintiff asserts here are highly

inconsistent with the video" and it's not material or relevant".  Plaintiff disagrees.  The vestibule

surveillance video shows clearly the yanking the dropping of Plaintiff and yanking her back up

and captures Plaintiff's glasses protruding outward to one side as she testified to it viewing

video at Deposition.  It's relevant to show how her nose was re-broken after hitting her head.

xv.    Defendant denies fact #21 claiming it is irrelevant and not material.  Defendant does

not deny the validity of fact #21.   "After Plaintiff was yanked up, Plaintiff exclaimed, "I'm so

embarrassed!  For a $1.49 I nearly killed myself!" "All my frozen foods are going to defrost."

Had Target not committed a consumer fraud by charging full price on an advertised sale item, Plaintiff would not have re-entered the store for the refund or felt embarrassment that she re-entered the store for it and nearly killed herself by stepping unknowingly onto a deceivingly sewer flooded floor and acknowledged in her *4-page 8/21/12 Complaint page 3 at 1); and page 2 para 1*, and should be considered for Summary Judgment ruling.

xvi.    Defendant denies fact #22 saying it's irrelevant and not material. Defendant does not deny the validity of fact #22 as testified at Deposition.  At #22 Plaintiff states:  "With shocks running down her back into the right side of her head, as she tried to straighten out…" it's a fact that Defendant allowed this yanking of a seriously injured Plaintiff, for the sake of getting her out of the entrance, causing more physical damage to her.

xvii.    Defendant denies fact #23 stating that it "contains inadmissible hearsay" "not supported by any written statement that has been shown to the decision makers" and is "immaterial".  Plaintiff states: "After Plaintiff was up off the ground, a Target employee manager, Valerie told Plaintiff that they called an ambulance and it was on its way to the store." Plaintiff clearly states this in her 8/21/12 4-page handwritten *Complaint p. 2, para 2, 1*[st] *sentence* and testified to at the Deposition.

xviii.    Defendant denies fact #24 claiming these facts are not material or relevant, but does not deny the validity of the fact that "City of Chicago Police Department Event Query lists the call for an ambulance was place at "14:55:32", or 2:55:32pm on August 13, 2012. Ex. 6."

xix.    Defendant denies fact #25 claiming it's not relevant or material, but do not deny the validity of act #25.  Plaintiff testified, Target employee security guard, knowing an ambulance was called should never have yanked Plaintiff up like that with an unidentified person, probably

a customer, she felt de-dignified from the yanking because they didn't know what her injuries were from the fall;  caused more injuries to her;  EMTs would not be able to properly assess the situation, as she was sitting on the bench when they arrived.  Plaintiff cited all to the record accordingly and this fact should be considered for Summary Judgment.

xx.      Defendant denies fact #27 claiming it is irrelevant and not material, also that it is "inadmissible hearsay" "not supported by any written statement that has been shown to the decision makers and should not be considered by the court in consideration of a summary judgment ruling."  Plaintiff disagrees.  Plaintiff verifies this statement in her handwritten *4-page 8/21/12 Complaint page 2, para. 2, and 6* and cites according to the record of the Deposition at fact #27:  "Target's Manager, Valerie, tried over and over again to deter Plaintiff from going to the Emergency Room with EMTs, even in front of the EMTs as they rolled their eyes at me every time she would say:  "You could refuse to go with them to the ER."  "I'll have someone replace all your groceries for you, then you could go home.  You don't have to go with the ambulance."  "You could refuse the ambulance, you don't have to go with EMTs." *8/21/12 Complaint page 2, para 6.*

xxi.      Defendant denies fact #29 claiming it's not material or relevant and contains inadmissible hearsay".  Plaintiff disagrees.  She does not need testimony from the E.R. doctor as Defendant suggests, since Tetanus/Diphtheria shots are given for a contaminated substance absorbing/contaminating into a cut/skin.  Plaintiff wearing pants, suffered a small cut that bled, the pants were not torn and nothing but filthy sewer smelling water penetrated them causing a rash to form all around knee. *Ex. C, p. 164, lines 6-9.  Attached is a copy of the E.R. bill for the Tetanus shot, Ex. #15 and #15a.  In Plaintiff's 4-page handwritten 8/21/12 Complaint,*

8

*the* EMT states to her: "Your injured knee was soaking in that floor from God knows what was in there, and you need to have it checked." This is an important fact that should be considered for Summary Judgment.

 *xxii.* Defendant denies fact #30 as irrelevant, not material and hearsay not supported by any written statements that have been shown to the decision makers." Plaintiff disagrees. Plaintiff's handwritten *4-page 8/21/12 Complaint* states how the right side of her head was in pain, *page 1, paragraph 2, last sentence, page 2, para. 6* and testified to this at Deposition, *Ex. C, p. 169 lines 18-24; Ex. C, p. 170, lines 1-5.*

 xxiii. Defendant denies fact #31 as "inadmissible hearsay which is not supported by any written statements that have been shown to the decision makers". Plaintiff disagrees. Plaintiff submitted to the Court her Undisputed Facts Statement with a witness statement from her daughter, who knew the specifics of Plaintiff's accident since 8/13/12, and of the Security Guard saying: "I knew this was gonna happen one day, because that entrance always floods when it rains." Plaintiff's daughter was one of many people trying to figure out where the sewer smelling flooding was coming from and the guard's statement inferring there was a sewer in the entrance. This fact should be considered for Summary Judgment.

 xxiv. Defendant denies fact #32 claiming and incorrectly "this statement relates to the alleged condition of the premises over a year after incident occurred is not relevant at all as to what the facts and circumstances were in August of 2012." Plaintiff disagrees. 8/13/12 to end of July 2013 is NOT "over" a year as Defendant claims. It's <u>under</u> a year that Plaintiff and her daughter discovered and witnessed the puckered up carpeting with an imprint of a sewer protruding in the middle of the entrance under wall-to-wall carpeting. It is very relevant as it

does show how the constant sewer smelling flooding from underneath the carpeting Plaintiff experienced on 8/13/12, caused extensive damage by puckering up the entrance floors. An important material fact that should be considered for Summary Judgment ruling.

xxv. Defendant denies fact #33 untruthfully claiming "This statement was made over a year after the incident occurred is not relevant at all as to what the facts and circumstances were in August of 2012." Plaintiff states: "Plaintiff testified that there is a sewer in the middle of the entrance floor, but did not see it at the time of fall, *(Ex. c, p. 141, Lines 15-17)*; only that the guard inferred to a sewer *(Ex. C, p. 173, P. 2-5, p. 141, Lines 20-23)* being in the entrance by angrily stating "I knew this was gonna happen one day, *(Ex. C, p. 141, 20-24 and p. 142, Lines 1-2)* because that entrance always floods". *Ex. C, p. 172, lines 18-24 and p. 173, lines 1-5; Ex. 5.*" Defendant Security Guard made this statement to Plaintiff on day of accident on 8/13/12, *(at fact #31 and fact #32)* - not "over a year after the incident occurred" as Defendant incorrectly states. Also, the discovery of the sewer was made at the end of July, 2013. 8/13-12 day of accident to 7/29/13 is under a year when sewer was discovered and should be considered for Summary Judgment ruling.

xxvi. Defendant denies fact #34 claiming it's not material or relevant, but do not deny the validity of fact #34, which states: "Plaintiff told Valerie, manager, she saw her foot step over the threshold and onto the entrance floor and also states that in her *8/21/12 Complaint p. 1, para. 2, line 3; Ex. 5.*"

xxvii. Defendant denies fact #35 claiming it's irrelevant and immaterial and "heresay not supported by any written statements that have been shown to the decision makers". Plaintiff disagrees. Fact #35 states: "As Plaintiff testified, Target's manager, Valerie insinuated, "Are

10

you sure, maybe you slipped on the threshold because that's real slippery." Other Target women employees chimed in, yeah, you could kill yourself on that!" This statement is verified in Plaintiff's 4-page handwritten 8/21/12 Complaint p. 3, para. 1, and testified at Deposition and cited accordingly at fact #35 and should be considered for Summary Judgment.

xxviii.   Defendant denies fact #36, claiming it is not material or relevant, but do not deny the validity of fact #36 which states: "After the fall Plaintiff asked a Target employee, Valerie to check the entrance floor, worrying someone else might get hurt." Verified in her *4-page 8/21/12 Complaint p. 2, last 7th paragraph lines 2-5; Ex. C, p. 149 lines 3-24.* Plaintiff had the presence of mind to make sure there was nothing there on 8/13/12 but a sewer smelling flood floor and should be considered for Summary Judgment ruling.

xxix.   Defendant denies fact #37 that the "condition of a threshold four years after the incident occurred is not relevant". Plaintiff disagrees.  "Plaintiff went to the Target store on 5/21/16 (4 years later) and discovered that the slippery threshold she brought to Target's attention 8/21/12 was never replaced since the 8/13/12 accident. *Ex. 21.*" She brought this to Target's attention in her *4-page 8/21/12 Complaint p. 3, para. 1*, and it's very relevant to show Target doesn't take complaints about hazardous conditions seriously because it's the exact same un-treaded threshold that was there on 8/13/12 day of accident.

xxx.   Defendant denies fact #38 as "highly inconsistent with the video in question"; information contained in this alleged statement is not material or relevant". Plaintiff disagrees. It happened. "As Plaintiff tried to testify to this at the Deposition, on Target's Surveillance Video, six minutes before Plaintiff falls, a man is shown tripping/slipping on the threshold, he jumps up very high to break his fall, lands, and looks to have sprained his ankle and is seen

11

limping then continues into store." Defendant suggested at Deposition that she was the only one that fell the day of accident, which is not true. *Ex. C, p. 255, lines 22-24 and p. 256, lines 5-9. Target's Surveillance Video at 2:48:10PM.*

*xxxi.* Defendant denies fact #39: "Plaintiff testified that because the entrance floor was flooded from underneath, a hydroplane formed between the flooded carpeting and her right foot causing her to slip and fall. *Ex. C, p. 194 lines 23-24, p. 195, line 1; Ex. C, p. 194, lines 10-12.*" Defendant denies this statement saying Plaintiff says in 4-page handwritten document that "her right foot slipped on something very very slippery". Plaintiff disagrees with Defendant's denial and incorrect interpretation. In her 4-page Complaint, Plaintiff is describing "right foot slipped on something very very slippery" as what she felt as she stepped into the entrance and that should be obvious to anyone who reads it, since she didn't know she was stepping onto a deceivingly sewer flooded entrance floor. Plaintiff made very clear at the Deposition over and over and over again that the sewer flooded entrance floor caused a hydroplane to form causing Plaintiff's accident and that was the "foreign substance". (*Ex. C, p. 61, lines 18-22.; p. 63, lines 16-20; Ex. C, p. 163, lines 16-24 and p. 164, lines 1-9*) in her *4-page 8/21/12 Complaint, p. 1, para 3, first 3 lines and last 4 sentences.* Plaintiff's fact #39 should be considered for Summary Judgment ruling.

*xxxii.* Defendant denies fact #40 that states: "Plaintiff testified entrance was in a bad condition, carpeting was well-worn, balding, *(Ex. C, p. 167, lines 2-3)* and flooded, but still avowed that the flooded carpeting caused a hydroplane *(Ex. C, p. 193, 7-9; Ex. 13)* which was the cause of her fall." *Ex. C, p. 194, lines 23-24; p. 195, Line 1; p. 168 lines 6-9); Ex. B, Plaintiff's 8/21/12 Complaint p. 1, para 3, first 3 lines and last 4 sentences; Ex. 13."* Defendant denies this

statement saying Plaintiff says in 4-page handwritten document that "her right foot slipped on something very very slippery". Plaintiff disagrees with Defendant's denial and incorrect interpretation. In her 4-page Complaint, Plaintiff is describing what she felt as she stepped into the entrance and that should be obvious to anyone who reads it, since she didn't know she was stepping onto a deceivingly flooded entrance floor. Plaintiff made very clear at the Deposition over and over again that the sewer flooded entrance floor caused a hydroplane to form causing Plaintiff's accident (*Ex. C, p. 61, lines 18-22; p. 63, lines 16-20; Ex. C, p. 163, lines 16-24 and p. 164, lines 1-9*) in her *4-page 8/21/12 Complaint p. 1, para 3, first 3 lines and last 4 sentences and* should be considered for Summary Judgment.

xxxiii. Defendant denies fact #41 saying it is irrelevant and not material, but does not deny the validity of the statement. Memorizing Valerie's name, and that she was a manager was very important, and should be very relevant to this Court to show that Plaintiff was paying attention to all that was being said.

xxxiv. Defendant denies fact #42 stating "This condition of the area a year after the incident occurred is not relevant at all as to what the facts and circumstances which Plaintiff claims caused her to fall in August of 2012." Plaintiff disagrees. Not even 1 year later, on 8/1/13 (puckered floors discovered on 7/29/13 with her daughter) Plaintiff took these pictures of the puckered up entrance floor with an imprint of a sewer protruding from underneath, are identified fingerprints so-to-speak of fingerprints so-to-speak found on 8/13/12 day of accident, of the strong sewer odor, the sewer smelling water coming up from under the carpeting, confirmed in Plaintiff's 4-page 8/21/12 Complaint; also confirms the Security Guard's statement "...The entrance always floods when it rains!" inferring a sewer was in entrance. These

pictures are relevant and should be considered undisputed evidence for Summary Judgment.

xxxv.    Defendant denies fact #46 claiming "As previously stated, A wet floor sign is seen in the video." Plaintiff disagrees. Plaintiff states: "As Plaintiff testified at Deposition, and in her 8/21/12 Complaint, *(Ex. B, p. 3 at 2)*.  No signage of Caution Wet Floors", or cones or rubber mats were in the entrance to warn customers coming in that the floor was wet, **before** the incident and there should have been. *Ex. Target's Surveillance video; Photos, Ex. C P. 255, Lines 12-21; Ex. 8, p. 3 at (2)."* The "wet floor sign seen in the video" Defendant refers to has nothing to do with the entrance where Plaintiff fell and is way beyond the entrance's 2nd set of doors and already inside the store where the tile begins and is nowhere near or in the entrance itself. Defendant's denial to fact #46 completely contradicts their "admit" to fact #49 that says "No" team members placed cones or warned others of the condition" they also omit to list it as #49. *(See Target's Response to Plaintiff's Local Rule 56.1 Page 16)*.  This material fact should be considered for Summary Judgment.

xxxvi.   At fact #47, Defendant omits numbering it as #47 and denies Plaintiff's statement saying: "As previously stated, A wet floor sign is seen in the video."  Plaintiff disagrees. Plaintiff's fact #47 reads: "No signage of "Caution Wet Floors", or cones or rubber mats were placed in the entrance to warn customers coming in that the floor was wet, **after** the incident." *Ex. Target's Surveillance Video; Ex. C, p. 255, 8-21, Ex. B, Plaintiff's 8/21/12 Complaint."* The "wet floor sign seen in the video" Defendant is referring to has nothing to do with the entrance where Plaintiff fell and is way beyond the entrance's 2nd set of doors and already inside the store where the tile begins and is nowhere near or in the entrance itself.  Also, Defendant's denial of #47 completely contradicts their "admit" to fact #49 that says "No" team

14

members placed cones or warned others of the condition", and they also omit to list it as #49, and leave it blank. *(See Target's Response to Plaintiff's Local Rule 56.1 Page 16)*. This material fact should be considered by the Court for Summary Judgment.

xxxvii.  Defendant incorrectly lists Plaintiff's fact #50 as "#48 " *(Defendant's Response to Plaintiff's Rule 56.1 Summary Judgment Page 17)* and "deny" content of fact #50, that Plaintiff's injuries are not material or relevant but do not deny the validity of fact #50.

The above facts stated by Plaintiff in her Motion for Summary Judgment are taken from the record, cited accordingly and additional proof of evidentiary photos and a witness statement, Target's own Surveillance Video is provided accordingly. Defendant's denials are untruthful, contradictory.

## III.    PLAINTIFF HAS DEMONSTRATED PROXIMATE CAUSE WITH PROPER EVIDENCE SUBMITTED

To establish liability under Illinois law, a plaintiff must "prove a causal connection between the injury and the event at issue." *Lough v BNSF Ry. Co., 988 N.E. 2d 1090, 1094-95 (Ill. App. Ct. 2013)* "Evidence of proximate cause must not be contingent, speculative or merely possible, but that there must be such degree of probability as to amount to a reasonable certainty that such causal connection exists." Thus, proximate cause exists only "when there is a reasonable certainty that the defendant's acts caused the injury. The proximate cause has been demonstrated by Plaintiff throughout the entire Deposition, in her 8/21/12 4-page complaint and in her Memorandum of Law Statement that the sewer smelling flooded entrance caused a hydroplane to form causing Plaintiff to slip and fall and sustain multiple injuries that will never heal, submitting to the Court evidentiary photos *(Ex. #13 and 14),* cited properly to the record

of the Deposition, (Ex. C) and in her 8/21/12 Complaint and a Witness Statement, Ex. 5.

Plaintiff has shown that the sewer smelling flooded floor caused her fall on 8/13/12, in her 4-page 8/21/12 Complaint, "I felt I was lying on top of a flooded sewer" (8/21/12 4-page Complaint Page 1, para 3, last sentence); "As I lay there, filthy, smelly liquid was swooshing about ½" or more from the floor, soaking into my skin and my wounded knee. That's way too much liquid on any entryway floor, carpeted or not." (8/21/12 4-page Complaint Page 1, para 3, 1st 4 lines); "I felt so dirty, a total mess, as if I emerged from soaking in a sewer." (8/21/12 4-page Complaint Page 2, para 4 last 2 lines). EMT states to her: "Your injured knee was soaking in that floor from God knows what was in there, and you need to have it checked." (8/21/12 4-page Complaint Page 2, para 3 line 3-6.) Plaintiff provided pictures of proof a sewer is located in the middle of Target's entrance under wall-to-wall carpeting (Ex. 14) and their sewer was their sole responsibility to inspect and maintain per the City of Chicago Sewers Municipal Code $ 11-16-020, Chapter 18-29-700, Ex. 22; (Ex 13 and 14) and that Target "admits" to being solely responsible for the maintenance of their entrance which includes their sewer at fact #53, a sewer inherent to overflow at any time and they should have acted accordingly knowing a sewer is there by placing signage, cones or rubber mats, which Defendant did not do before or after Plaintiff's fall.

The physical condition of the Target store on Addison Street is related to Target's business. See Coffee v. Menard, Inc., No. 13 C 2726, 2015 WL 399049, at *4 (N.D. Ill. March 25, 2015). Target is responsible for the condition of their entrance's sewer they placed under wall-to-wall carpeting (Ex. 14) and the entrance as a whole (Ex. 13 and 14), as Defendant Target admits to that at fact #53 of Plaintiff's Undisputed Facts. Target's entrance's sewer with an

16

inherent nature to overflow at any time, Target had no protocols in place regarding

maintenance to their sewer in their entrance *(Ex. 14)* that led to an unacceptable high

probability that the sewer would overflow at any time and it did on a regular basis *(Ex. 13 and*

*Ex. 14),* and caused a safety hazard to customers entering the entrance, which is also willful and

wanton.

## IV.     **DEFENDANT'S WILLFUL AND WANTON MISCONDUCT**

To establish willful and wanton misconduct, the plaintiff must show "either a deliberate

intention to harm or an utter indifference to or conscious disregard for the welfare of the

plaintiff." *Adkins v. Sarah Bush Lincoln Health Ctr., 544 N.E. 2d, 733, 734 (Ill. 1989).* Whether a

defendant's conduct rises to the level of willful and wanton behavior is usually a fact question.

*Estate of Burns v. Williamson, No. 11-CV-3020, 2015 WL 4465088, at \*12 (C.D. Ill. July 21, 2015)*

*(citing Kirwan v. Lincolnshire-Riverwoods Fire Prot. Dist. 811 N.E. 2d, 1259, 1264 (Ill. App. Ct.*

*2004).* Defendant, Target negligently installed a sewer in the middle of their very busy

entrance floor under wall-to-wall carpeting, where it could not be seen to be inspected,

maintained or repaired as was Defendant's sole responsibility to protect the public and Plaintiff

from its inherent nature to overflow at any time, per *City of Chicago Sewers Municipal Code $*

*11-16-020, Chapter 18-29-700, Ex. 22; (Ex 13 and 14);* and Target chose to ignore their sewer

under the wall-to-wall carpeting before and after Plaintiff's fall, which is an utter indifference to

or conscious disregard for the welfare of the Plaintiff bordering on a deliberate intention to

harm.

The physical condition of the Target store on Addison Street is related to Target's

business. *See Coffee v. Menard, Inc., No. 13 C 2726, 2015 WL 399049, at \*4 (N.D. Ill. March 25,*

*2015)*. Target is responsible for the condition of the entrance's sewer and the entrance as a whole, as Defendant Target admits to that at fact #53 of Plaintiff's Undisputed Facts RESPONSE: "There are no documents related to a porch; however there are documents relating to ownership. However, the request is overly broad and unduly burdensome. Target has admitted ownership and maintenance responsibility so there is no need to produce any written documentation substantiating that fact. *Ex. 24*." Target has lied in their Interrogatories that "The front entrance facility alleged in the Complaint did not need repair" <u>after</u> the accident, an undisputed fact admitted by Defendant at #44 and #54, *(Ex. 25, p. 4 at No. 12)*, Target's Interrogatories contained a signed sworn oath of the truth of the statements made by Defendant Target and signed by William Thom, Senior Paralegal of Target Corporate Services, Inc., October 5, 2015. *Exhibit 25;* As Target has shown, it cannot provide any proof of inspection, maintenance or repairs of their sewer in their entrance, not before and not after. Pictures of balding, worn-out filthy carpeting after accident of 8/13/12, *(Ex. 13)* and of the puckered up floors with an imprint of a sewer protruding from underneath the wall-to-wall carpeting prove that their entrance did need repair; *(Ex. 14 taken 8/1/13),* further proving Target had an "utter indifference to or conscious disregard for the welfare of the Plaintiff bordering on a deliberate intention to harm" before the accident and after. Photos entered into evidence *Exhibit #13 and #14,* prove the entrance was in desperate need of repair from the constant flooding from the sewer located in the middle of the entrance. Entrance was repaired 16+ months after the accident, in early 2014, but Target didn't want to provide that proof to Plaintiff as they should have in the Interrogatories, that it needed repair, that it was repaired before May 2014, so they lied in their Interrogatories so as not to provide the proof requested

by Plaintiff of when floors were repaired, who repaired them and names of the people that repaired them.

A sewer is man-made, an inherent danger to overflow at any moment and cause a hazardous condition and installed by Defendant and it was their sole responsibility to inspect and maintain it, which they did not do. Defendant admits to be responsible for the maintenance of the entire entrance at #53. *(Ex. 14)*. Yet, Defendant did nothing to warn Plaintiff as they should have, knowing a sewer is inherent to overflow at any time, with signage, rubber mats, or cones. *Reed v. Wal-Mart Stores, Inc. 700 N.E. 2d, 212, 215 (Ill. App. Ct. 1998). City of Chicago Sewers Municipal Code $ 11-16-020, Chapter 18-29-700.*

An entrance to any store is a vulnerable accident prone area, and Target put that sewer in the middle of their entrance into their very busy store and were responsible for its inspection, maintenance and repair per *City of Chicago Sewers Municipal Code $ 11-16-020, Chapter 18-29-700* and therefore Target should have had protocols in place to always put cones, signs of "Caution When Wet" or rubber mats out when it rained or snowed because a sewer is inherent to overflow at any moment when not inspected or maintained. Target should have known to do this and ignored it, because they negligently installed the sewer under wall-to-wall carpeting to hide it from the public's/customer's view, which is utter indifference and conscious disregard for Plaintiff's and the public's safety, which also borders on a deliberate intention to harm by playing Russian Roulette with customers' lives.

## V.    **DEFENDANT HAD ACTUAL NOTICE**

Plaintiff provided the Court with Actual Notice, with the Security Guard angrily stating "I knew this was gonna happen one day, because that entrance always floods when it

rains." at fact #31 and fact #32, she even pinpointed, on Target's Surveillance Video, the approximate time he made that statement, because he made it while she waited for her $1.49 refund: At 3:01:36PM – The security guard with the red shirt, to right of Plaintiff, standing alongside manager, Valerie, moves away from her and stands in front of and in the center of the entrance's doors inside the store. He stands there staring at the entrance. At 3:02...PM – This same security guard steps away from looking at the entrance and back to where Valerie is standing, leaning into saying something to Valerie as she leans into him. At 3:02:57PM – This security Guard very upset and angry states: "I knew this was gonna happen one day because that entrance always floods when it rains!" *See Ex. 13 and 14; Ex. 5; Pavlik v. Wal-Mart Stores, Inc. 323 Ill. App. 3d 1060 753 N.E. 2d 1007 (1st Dist. 2001) and Vojas vs. K-Mart Corp. 312 Ill. App. 3d 544, 727 N.E. 2d, 397 (5th Dist. 2000).* Right after the guard's statement, Valerie asks Plaintiff, "Are you sure you didn't slip on the threshold because that's real slippery?" The other women employees chimed in, "Yeah, you could kill yourself on that!" As if to distract Plaintiff from what the Security Guard had just said.

A business owner will be held liable if it has actual knowledge of a foreign substance on the floor and fails to remove or guard against the substance prior to it causing a patron's injury. If an employee has knowledge of the presence of a foreign substance, the knowledge will be imputed on the defendant/employer. *In Vojas vs. K-Mart Corp. 312Ill. App. 312 Ill. App. 3d 544, 727 N.E. 2d, 397 (5th Dist. 2000).* An example of a case involving actual knowledge of a foreign substance is *Vojas vs. K-Mark Corp.,* in which the plaintiff alleged that she slipped on a "black substance" while shopping in the defendant's store. The customer reportedly notified store employees of the incident. In response, one of the employees stated, "I thought they had

cleaned that up". The court held that because the statement by the employee established that the employee personally knew that the substance was on the floor and failed to remove it, the establishment had Actual Notice of the condition. *Similarly, in Pavlik v. Wal-Mart Stores, Inc. 323 Ill. App. 3d 1060 753 N.E. 2d 1007 (1[st] Dist. 2001),* the court held that an employee's statement that "someone should have cleaned up (the puddle of water/conditioner) before" was evidence of the store's actual knowledge of the condition.

Although Plaintiff provided the Court that Defendant had Actual Notice, she also provided the Court with evidence, *Ex. 14, Ex. 5,* that shows Defendant's puckered up entrance floor with an imprint of a sewer protruding from underneath the wall-to-wall carpeting, *(Ex. 14)* proving that on day of the accident, 8/13/12, the strong sewer odor and the water/liquid coming up from under the carpeting as she states in her 8/21/12 4-page Complaint and at fact #13, was from Defendant's own sewer in the middle of the entrance. A plaintiff need not show that the defendant had "actual or constructive notice when she can show the substance was placed on the premises through the defendant's negligence." *Krebs v. Valley Baptist Church, Inc., No. 2-14-0243, 2014 WL 4942337, AT *6 (Ill. App. Ct. Oct. 1, 2014); Reed v. Wal-Mart Stores, Inc. 700 N.E. 2d 212, 214 (Ill. App. Ct. 1998).*

Plaintiff has shown that the sewer smelling flooded floor caused her fall on 8/13/12, in her 4-page 8/21/12 Complaint, "I felt I was lying on top of a flooded sewer" (*8/21/12 4-page Complaint Page 1, para 3, last sentence);* "As I lay there, filthy, smelly liquid was swooshing about ½" or more from the floor, soaking into my skin and my wounded knee. That's way too much liquid on any entryway floor, carpeted or not." *(8/21/12 4-page Complaint Page 1, para 3, 1[st] 4 lines);* "I felt so dirty, a total mess, as if I emerged from soaking in a sewer."

*(8/21/12 4-page Complaint Page 2, para 4 last 2 lines)*. Plaintiff provided pictures of proof a sewer is located in the middle of Target's entrance under wall-to-wall carpeting *(Ex. 14)* and their sewer was their sole responsibility to inspect and maintain per the *City of Chicago Sewers Municipal Code $ 11-16-020, Chapter 18-29-700, Ex. 22; (Ex 13 and 14)* and that Target "admits" to being solely responsible for the maintenance of their entrance which includes their sewer at act #53.

## VI. TARGET'S DUTY WAS TO EXERCISE ORDINARY CARE AND TARGET BREACHED THAT DUTY TO PLAINTIFF, A BUSINESS INVITEE (Fact #5)

Target created a dangerous condition by failing to maintain the entrance and its sewer, inherent to overflow at any moment, that they put there under wall-to-wall carpeting, and Target is liable based on its failure to address the sewer overflowing into the entrance, causing a dangerous condition to Plaintiff and public. Target negligently put that sewer there under wall-to-wall carpeting, knowing a sewer would inherently overflow into the entrance if they didn't inspect and maintain it, which they clearly did not do and could not do, and did nothing to warn Plaintiff and should have with signage, rubber mats, or cones because they knew that sewer was there and so did employees. *Reed v. Wal-Mart Stores, Inc. 700 N.E. 2d, 212, 215 (Ill. App. Ct. 1998). City of Chicago Sewers Municipal Code $ 11-16-020, Chapter 18-29-700. See Ex. 13 and 14; Ex. 5; Pavlik v. Wal-Mart Stores, Inc. 323 Ill. App. 3d 1060 753 N.E. 2d 1007 (1ˢᵗ Dist. 2001) and Vojas vs. K-Mart Corp. 312 Ill. App. 3d 544, 727 N.E. 2d, 397 (5ᵗʰ Dist. 2000).*

Target breached that duty to Plaintiff as she outlines in her Memorandum of Law, "as the substance was placed there by the negligence of the business." *Zuppardi v. Wal-Mart Stores, Inc. 770 F. 3d, 644, 649 (7ᵗʰ Circ. 2014).*

A plaintiff need not show that the defendant had "actual or constructive notice when

she can show the substance was placed on the premises through the defendant's negligence."

*Krebs v. Valley Baptist Church, Inc. No. 2-14-0243, 2014 WL 4942337, at *6 (Ill. Ap. Ct. Oct. 1, 2014) (quoting Reed v. Wal-Mart Stores, Inc. 700 N.E. 2d, 212, 214 (Ill. App. Ct. 1998); Ex. 14.*

Target placed/installed the sewer, negligently covered in wall-to-wall carpeting in a busy entrance, ignored it, without inspecting or maintaining it and should have known that sewer was inherent to overflow at any moment and would cause a dangerous condition to exist, that harmed Plaintiff. *Ex. 13, 14. Donoho v. O'Connell's, Inc., 148 N.E. 2d, 434, 441 (Ill. 1958); and Piotrowski v. Menard, Inc. No. 13 C 5572, 2015 WL 5139415, at *3 (N.D. Ill. Aug. 31, 2015).*

## VII. CONCLUSION:

Rule 56.1 format should not trump lying to the Court. Defendant Target Corporation's consistent misrepresentations and contradictions to the Court in their Motions, in their hopes that the Court is not paying attention, and in their zeal to not wanting to accept responsibility, their only choice is to make things up with false interpretations and made-up quotes in their own undisputed facts motion and a Deposition that was given not to gather truth but to twist that truth. This cannot possibly grant them summary judgment. Plaintiff has consistently proven this by citing to the record of the Deposition, her 4-page 8/21/12 Complaint, Target's Surveillance Videos, a witness statement and evidentiary exhibit photos.

For the foregoing reasons in Plaintiff's Reply in Support of Her Motion for Summary Judgment, there is no genuine issue of material fact and therefore as a matter of law, Summary Judgment should be granted to Plaintiff.

**WHEREFORE**, Plaintiff, Christine Brama, filing pro se, respectfully prays that this

23

Honorable Court grant her motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 against the Defendant, Target Corporation.

Respectfully Submitted,

Christine Brama, Plaintiff Filing Pro Se

Christine Brama, Plaintiff Filing Pro Se
4020 West Barry Avenue
Chicago, Illinois 60641
(773) 545-3734

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHRISTINE BRAMA )
)
      Plaintiff, )    Case No.: 14-CV-06098
)
)    District Judge:
Vs. )   Honorable Marvin E. Aspen
)
)
TARGET CORPORATION, )
      Defendant.

**RECEIVED**

FEB 0 1 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

TO:   Eileen M. Letts
     ZUBER LAWLER DEL DUCA LLP (Formerly Greene and Letts)
     55 W. Monroe Street, Suite 600
     Chicago, IL 60603

    Please take notice that on **February 1, 2017,** Plaintiff filed with the clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division the attached:
**PLAINTIFF'S (REVISED LR7.1) REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT.**

               Respectfully Submitted,

               Christine Brama, Plaintiff, filing pro se

### PROOF OF SERVICE

    The undersigned hereby certifies that the above mentioned document was served on the above mentioned parties via U.S. Mail on **February 1, 2017.**

               Christine Brama, Plaintiff, filing pro se

Christine Brama, Plaintiff, filing pro se
4020 West Barry Avenue
Chicago, Illinois 60641
(773) 545-3734



Exhibit #4



• NEW CARPETING
ENTRANCE
(REPLACED OLD FLOODED/PUCKERED
ENTRANCE CARPETING
BETWEEN 1-1-14 & 5-21-14

• U-N—TREADED
THRESHOLD
NEVER
REPLACED



Exhibit #5

# Perjury Charges in Illinois

Perjury is the crime that a person can be charged with for lying under oath in Illinois. The crime of Perjury in Illinois is defined by 720 ILCS 5/32-2 as follows:

(a) A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law the oath or affirmation is required, he or she makes a false statement, material to the issue or point in question, knowing the statement is false.

(b) Proof of Falsity.
An indictment or information for perjury alleging that the offender, under oath, has knowingly made contradictory statements, material to the issue or point in question, in the same or in different proceedings, where the oath or affirmation is required, need not specify which statement is false. At the trial, the prosecution need not establish which statement is false.

(c) Admission of Falsity.
Where the contradictory statements are made in the same continuous trial, an admission by the offender in that same continuous trial of the falsity of a contradictory statement shall bar prosecution therefor under any provisions of this Code.

(d) A person shall be exempt from prosecution under subsection (a) of this Section if he or she is a peace officer who uses a false or fictitious name in the enforcement of the criminal laws, and this use is approved in writing as provided in Section 10-1 of "The Liquor Control Act of 1934", as amended, Section 5 of "An Act in relation to the use of an assumed name in the conduct or transaction of business in this State", approved July 17, 1941, as amended, or Section 2605-200 of the Department of State Police Law. However, this exemption shall not apply to testimony in judicial proceedings where the identity of the peace officer is material to the issue, and he or she is ordered by the court to disclose his or her identity.

(e) Sentence.
Perjury is a Class 3 felony.

Those convicted of Perjury in Illinois can receive a prison sentence of 2-5 years, and a fine of up to $25,000.

In addition to the separate criminal charge of Perjury, a person who is accused of lying under oath can be held in contempt of court. The punishment for a contempt finding can include a fine or jail sentence, as well as negative consequences in the underlying case.



FILED

DEC 0 4 2018 *AM*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CHRISTINE BRAMA,          )
                            )
        Plaintiff,       )
                            )
     v.                   )     No.    14 CV 06098
                            )
TARGET CORPORATION, a Foreign    )     Magistrate Judge Young B. Kim
Corporation, d/b/a TARGET STORES    )
                            )
        Defendants.     )

## NOTICE OF FILING

TO:    Eileen M. Letts
       ZUBER LAWLER DEL DUCA LLP (Formerly Greene and Letts)
       55 W. Monroe Street, Suite 600
       Chicago, IL   60603

Please take notice that on **December 4, 2018,** Plaintiff filed with the clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division the attached: **PLAINTIFF CHRISTINE BRAMA'S MOTION FOR JUDGMENT AND OTHER RELIEF & ASKING FOR SEVERE SANCTIONS AGAINST DEFENDANT TARGET'S PERJURY/WITHHOLDING/TAMPERING WITH EVIDENCE IN INTERROGATORIES**

                            Respectfully Submitted,

                            Christine Brama, Plaintiff, filing pro se

## PROOF OF SERVICE

    The undersigned hereby certifies that the above mentioned document was served on the above mentioned parties via U.S. Mail on **HAND-DELIVERED to Eileen Letts, 12/4/18.**

                            Christine Brama, Plaintiff, filing pro se

Christine Brama, Plaintiff, filing pro se
4020 West Barry Avenue
Chicago, Illinois   60641
(773) 545-3734